[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 3, 2008
THOMAS K. KAHN
CLERK

No. 08-12904
Non-Argument Calendar

_____

D. C. Docket No. 07-21573-CV-UUB

ARMANDO DIAZ,
and all others similarly
situated under 29 U.S.C. § 216(b),

Plaintiff-Appellant,

versus

TEAM ONEY, INC.,
WADE S. ONEY,
ELIZABETH A. ONEY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 3, 2008)**

Before ANDERSON, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Armando Diaz appeals the district court's entry of summary judgment in favor of his former employer, Team Oney, Inc., and individual defendants Wade S. Oney and Elizabeth A. Oney, (collectively, "Oney"), on his claim for violation of the overtime pay requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. On appeal, Diaz argues that the district court erred in holding that Oney had satisfied as a matter of law the "executive exemption" to the FLSA's overtime pay requirements because there are disputed facts as to two prongs of the "executive exemption" test: (1) whether Diaz's "primary duty" consisted of management; and (2) whether Diaz customarily and regularly directed the work of two or more other employees. Upon thorough review of the record and careful consideration of the parties' briefs, we find no reversible error and affirm.

We conduct a de novo review of a district court's order granting summary judgment, "applying the same legal standards as the district court." Chapman v. AI Transp., 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc). "Summary judgment is appropriate if the evidence before the court shows 'that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' In making this determination, the court must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment." Haves v. City of Miami, 52 F.3d 918, 921 (11th Cir. 1995) (citations omitted). The

2

summary judgment movant bears the initial burden of showing the court, by reference to the record, that no genuine issues of material fact exist to be determined at trial. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). The movant meets this burden by showing that there is an "absence of evidence to support the non-moving party's case." Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593 (11th Cir. 1995). Once this initial burden is met, the other party must "go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Id. at 593-94 (citations and quotations omitted).

As a general rule, the FLSA provides that employees are entitled to receive overtime pay at one and one-half times their regular rate for all hours worked in excess of forty per week. See 29 U.S.C. § 207(a)(1). The FLSA exempts from its overtime pay requirements "any employee employed in a bona fide executive, administrative, or professional capacity." See 29 U.S.C. § 213(a)(1); see also Avery v. City of Talladega, 24 F.3d 1337, 1340 (11th Cir. 1994). The employer has the burden of showing entitlement to an exemption. Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 594 (11th Cir. 1995).

The Code of Federal Regulations defines executive employees as those (1) who receive compensation "of not less than $455 per week"; (2) whose "primary duty" is the management of the enterprise in which the employee is employee or a customarily recognized department or subdivision thereof; (3) who customarily and regularly direct the work of two or more other employees; and (4) who have the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion, or any other change of status of other employees are given particular weight. 29 C.F.R. § 541.100(a). The Code of Federal Regulations further defines "primary duty" as "the principal, main, major or most important duty that the employee performs" but explains that the "[d]etermination of an employee's primary duty must be based on all the facts in a particular case, with the major emphasis on the character of the employee's job as a whole." 29 C.F.R. § 541.700(a). The factors to consider in this analysis include: (1) the relative importance of the management duties as compared with other types of duties; (2) the amount of time spent performing management duties; (3) the employee's relative freedom from direct supervision; (4) and the relationship between the employee's salary and the wages paid to other employees for the kind of non-management work performed by the employee. Id.

4

Bearing these definitions in mind, we agree that Oney met its burden to show that Diaz, as assistant manager at two of Oney's Papa Johns Pizza restaurants, was covered by the exemption for executives. On appeal, as before the district court, Diaz does not dispute that the first and fourth factors of the executive exemption test are met.[1] We therefore address the second and third factors here.

As for the second factor, Diaz's main contention is that according to his deposition testimony, his "prime responsibility" was to service customers by making and cutting pizzas, routing deliveries of pizzas, greeting customers and cleaning the store, and that according to deposition testimony of his supervisor, Diaz's primary duties were customer care and ensuring product standard. Yet the record is clear that while Diaz did perform these kind of tasks, his managerial duties -- as the highest ranking employee on duty during the majority of his shifts, in which he supervised the drivers, counterpersons, and cooks, apportioned work, made deposits, filled out required forms, interviewed prospective employees, and

---

[1] Diaz makes passing reference to the fact that he did not make the ultimate hiring and firing decisions -- which presumably would bear on the fourth factor of the executive exemption test. However, Diaz did not squarely dispute this issue before the district court, and we therefore will not address it here. See In re Pan American World Airways, Inc., 905 F.2d 1457, 1462 (11th Cir. 1990) ("if a party hopes to preserve a claim, argument, theory, or defense for appeal, she must first clearly present it to the district court, that is, in such a way as to afford the district court an opportunity to recognize and rule on it"). Nor does Diaz squarely raise the issue on appeal. See Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (noting that issues not argued on appeal are deemed waived, and a passing reference in an appellate brief is insufficient to raise an issue).

5

engaged in local restaurant marketing -- were significantly more important to the operation of the restaurant than his non-managerial tasks. <u>See</u> 29 C.F.R. § 541.700 (b), (c) ("Time alone . . . is not the sole test, and nothing in this section requires that exempt employees spend more than 50 percent of their time performing exempt work. . . . Thus, for example, assistant managers in a retail establishment who perform exempt executive work such as supervising and directing the work of other employees, ordering merchandise, managing the budget and authorizing payment of bills may have management as their primary duty even if the assistant managers spend more than 50 percent of the time performing nonexempt work such as running the cash register."). Moreover, the supervisor's deposition testimony to which Diaz cites actually shows that the supervisor refused to name customer sales as Diaz's most important duty, testifying instead that Diaz had a "series of important responsibilities" and that he could not say "which one comes ahead of the other" because "[t]hey are all important."

Diaz also claims that according to his supervisor's testimony, Diaz did not make the final decisions regarding hiring and termination, marketing and billing, but that the store manager did. However, Diaz admitted in his deposition that he would make recommendations to the store manager as to hiring and firing decisions, and would conduct the first interview of applicants. In addition, Diaz

6

admitted that he was "in charge" of the restaurant for the majority of his shifts, except for the few hours that the store manager was present per day. We thus find no merit to Diaz's arguments, and for the reasons stated by the district court, hold that Oney established as a matter of law the second factor of the executive exemption test -- that is, that Diaz's "primary duty" was the management of the restaurants where he worked.

As for the third factor, Diaz asserts that the defendants have not established that he customarily directed the work of two or more employees, because "directing" delivery drivers is not a managerial task. But Diaz cites nothing in support of this assertion, and moreover, admitted in his deposition that in addition to the drivers, there were often other employees working in the restaurant under his supervision. Diaz also claims that Oney failed to give a clear breakdown of the hours worked by Diaz and other overlapping employees for purposes of the Department of Labor's "80-hour rule" -- which provides that supervising two full-time employees is the equivalent of 80 hours of direction of subordinate work per week. See 29 C.F.R. § 541.104(a); Wage & Hour Div., U.S. Dep't of Labor, Field Operations Handbook ¶ 22c00. Yet Oney submitted on summary judgment a detailed affidavit providing the number of cumulative hours of work by other employees that Diaz supervised without a store manager being present, showing

that Diaz met or exceeded 80 hours of supervisory work per week in at least 45 of the 52 applicable weeks (or 86%) -- which is more than sufficient to show that Diaz customarily and regularly directed the supervision of two or more employees. See 29 C.F.R. § 541.701 ("The phrase 'customarily and regularly' means a frequency that must be greater than occasional but which, of course, may be less than constant."). Diaz does not in any way specify how this submission was insufficient. We are therefore unpersuaded by these arguments, and for the reasons stated by the district court, hold that Oney established as a matter of law the third factor of the executive exemption test -- that is, that Diaz customarily and regularly directed the work of two or more other employees.

On this record, we discern no error in the district court's conclusion that Oney met as a matter of law the four prongs of the "executive exemption" test. Based on the district court's well-reasoned order, in which the district court applied controlling Circuit precedent and federal law, and addressed every argument raised by Diaz in this appeal, we affirm the order of summary judgment in favor of Oney.[2]

**AFFIRMED.**

---

[2] Diaz does not challenge on appeal the district court's conclusion that defendant Elizabeth A. Oney is not an "employer" under the FLSA, and we therefore do not review this issue on appeal. See Greenbriar, 881 F.2d at 1573 n.6.