## 68559. DIGGS v. SOUTHERN INSURANCE COMPANY.
### (321 SE2d 792)

BIRDSONG, Judge.

This is an appeal from summary judgment to the insurer in an automobile collision controversy. The appellant is the son of the named insured and, while attending college and working in Atlanta, had been driving a covered Pontiac. The insurer erroneously cancelled the insurance policy in July 1982, for nonpayment of premiums. In October 1982, the named insured told his son not to drive the Pontiac because of a broken water pump. Two weeks later, appellant was involved in a collision while driving a borrowed rental car which had been leased to another. Appellant notified the rental lessor and the lessor's insurer, who initiated a declaratory judgment action to determine coverage. In December 1982, appellant's father received Notice of Reinstatement of coverage by the appellee. In February 1983, appellant was sued by the others involved in the collision. That lawsuit was timely answered and defended. In May 1983, the rental lessor's insurer dismissed its declaratory judgment action and denied coverage, and at that time appellant notified the appellee of the accident. *Held*:

The issues raised by appellant and the insurer principally involve whether the Pontiac vehicle suffered a "breakdown" as defined by the policy so as to activate coverage of the appellant while driving a substitute vehicle (see, e.g., *State Farm Mut. Auto. Ins. Co. v. Lietz*, 122 Ga. App. 596 (178 SE2d 218); *Home Indem. Co. v. Godley*, 122 Ga. App. 356 (177 SE2d 105)); whether the insurer is estopped to deny coverage by its antecedent breach erroneously cancelling the policy; and whether in view of the unfolding complications of the case appellant notified the insurer of the accident "as soon as practicable" in compliance with the policy.

However, one determinative fact authorizes summary judgment in this case. In addition to requiring notice of an accident "as soon as practicable," the policy also provides: "If claim is made or suit is brought against the insured, the insured shall *immediately* forward to the company every demand, notice, summons or other process received by him or his representative." In December of 1982, the named insured knew his policy with the appellee had been reinstated without lapse in coverage. Appellant was sued for the accident in February 1983, but did not notify appellee until three months later when the rental car's insurer denied liability. The question of whether notice of the *accident* was given as soon as practicable after the accident (see *Southern Trust Ins. Co. v. Clark*, 148 Ga. App. 579, 582-583 (251 SE2d 823)) is not relevant here, because the policy required *immediate* notice and forwarding of all process if a *claim or lawsuit* was filed. It is undisputed that appellant did not give such notification of the

lawsuit to the appellee until three months after it was filed, and this was while appellant was charged with knowledge that there was coverage. It is immaterial, as his reason for not complying with the policy, that he was under the hope or impression that another insurance company would be liable for this claim and that the appellee's coverage would be excess coverage. Appellant clearly failed to comply with a condition precedent to coverage, and it is therefore not necessary for the appellee to show actual harm. *Atlanta Intl. Properties v. Ga. Underwriting Assn.*, 149 Ga. App. 701, 702 (256 SE2d 472); *Richmond v. Ga. Farm Bureau Mut. Ins. Co.*, 140 Ga. App. 215 (3) (231 SE2d 245); *Ballew v. State Farm Mut. Auto. Ins. Co.*, 122 Ga. App. 417, 418-419 (177 SE2d 172); *Sims T.V. v. Fireman's Fund Ins. Co.*, 108 Ga. App. 41 (1) (131 SE2d 790).

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 6, 1984.

*Stephen E. Curry*, for appellant.
*Richard E. Allen*, for appellee.