## 73469. SNOW v. ATLANTA INTERNATIONAL INSURANCE COMPANY.
(354 SE2d 644)

DEEN, Presiding Judge.

In 1981 the appellant, Richard Tom Snow, drove his tractor trailer for Piedmont Sales Company and Refrigerated Transport Company, Inc., two companies that operated out of a trucking terminal in Gainesville, Georgia. On June 18, 1981, while returning from delivering a load to Sumter, South Carolina, Snow collided with a vehicle driven by Sylvia Pardue. Pardue died from the injuries she sustained, and her daughter commenced a wrongful death action against Snow on October 23, 1981.

Snow was insured while hauling loads for Piedmont Sales Company under a policy issued by Protective Insurance Company, and was insured under a policy issued by the appellee, Atlanta International Insurance Company, both while transporting a load for Refrigerated Transport Company and while he was driving his truck on personal business, but not while driving his truck under the dispatch of any other company. Protective Insurance Company defended Snow in the wrongful death action and ultimately settled the matter. At that time, Snow executed a loan receipt in favor of Protective for the amount of the settlement, and subsequently he commenced this action against the appellee, seeking recovery of the settlement amount.

Snow, although claiming that he did not know what company or companies carried the insurance, did know that he was insured through some policy or policies maintained by the two trucking com-

panies, because such was a term of his employment contracts with the two companies. When he received the complaint and summons in the wrongful death action, Snow handed them over to the terminal's safety director, who, so far as he knew, served in that capacity for both Piedmont Sales Company and Refrigerated Transport Company, Inc. Snow made no inquiry, however, as to the requirements of any insurance policy.

It was uncontroverted that as it turned out, the appellee was not notified of the collision or wrongful death action until April 1982, approximately 10 months after the collision and six months after the suit had been filed, and was never served with a copy of the complaint or summons. The trial court granted summary judgment for the appellee on the basis that Snow had not timely notified the appellee of the collision and had failed to forward the suit papers as required by the policy, and this appeal followed. *Held*:

The insurance policy issued by the appellee required notice to be given as soon as practicable. Under the circumstances of this case, for the same reasoning in Division 1 of the recent Supreme Court decision in *Southeastern Fid. Ins. Co. v. Johnson*, 256 Ga. 713 (352 SE2d 760) (1987), we find that Snow's delay in giving the appellee insurer notice was unexcused and unreasonable as a matter of law. See also, *Diggs v. Southern Ins. Co.*, 172 Ga. App. 37 (321 SE2d 792) (1984). Accordingly, the trial court properly granted summary judgment for the appellee.

*Judgment affirmed. Benham and Beasley, JJ., concur.*

DECIDED MARCH 2, 1987.

*Roger Mills*, for appellant.
*J. Arthur Mozley, John E. Gilchrist*, for appellee.