## A01A1917. ALLSTATE INSURANCE COMPANY v. WALKER et al.
(562 SE2d 267)

BARNES, Judge.

Ricky and Tammy Walker sued Allstate Insurance Company, claiming that they were entitled to recover under their automobile insurance policy for the theft of their van and were entitled to bad faith penalties and attorney fees for Allstate's failure to pay their claim. Allstate answered and after discovery moved for summary judgment, arguing that the Walkers failed to give notice of the loss "as soon as possible" as required by the policy; that their loss was not covered under their policy; and that it was not liable for penalties because 60 days had not passed between the Walkers' demand for payment and their filing of suit. The trial court denied Allstate's motion for summary judgment and granted a certificate of immediate review. We granted Allstate's application for interlocutory appeal and reverse the denial of summary judgment to the insurance company because, as a matter of law, the Walkers failed to give notice of the loss "as soon as possible," as required by their policy.

On appeal from the grant of summary judgment, this Court conducts a de novo review of the record, construing the evidence and all inferences therefrom in favor of the nonmoving party. *Maddox v. Southern Engineering Co.*, 231 Ga. App. 802, 803 (500 SE2d 591) (1998).

Viewed in this light, the record shows that on June 2, 1998, Ricky and Tammy Walker traded in their 1993 GMC Safari van at Star Nissan as partial payment for a 1996 Pontiac Bonneville. Star Nissan was supposed to pay off approximately $11,000 owed on the van, and the Walkers borrowed almost $6,000 more to buy the Bonneville.

A couple of weeks later, the Walkers twice called the dealership to question why they had not received the paperwork to get the car tag. Mrs. Walker testified that by the end of June, she was getting suspicious because she could not get a tag, and then the bank called about their past-due payment for the van. Mrs. Walker went to the dealership, where she had a confrontation with the employees there. At that point, she said, she knew "something was bad wrong." The Walkers hired a lawyer in June and filed a stolen vehicle report at the sheriff's office in July 1998. They made only one payment on the Bonneville before leaving it with the lender on September 1, 1998; then they bought another car for which they were able to obtain a tag and title. Star Nissan never paid off the loan on their van. The dealership owner was indicted in October 1998 on forty counts of theft by taking and theft by deception, two of which involved this transaction. According to the Walkers' lawyer, the owner subsequently pled nolo contendere and agreed to make restitution, although he had not yet done so.

The Walkers became dissatisfied with their lawyer, and in April 1999, they hired the lawyer now representing them regarding these transactions. On May 20, 1999, the lawyer sent a letter to Allstate, notifying them of the claim and requesting payment of $11,100 for the theft of the van. After the company took the Walkers' statements, the Walkers sent another letter to Allstate on June 21, 1999, seeking a response to their claim. On August 11, 1999, the company orally denied the claim, and the Walkers filed suit on August 19, 1999. After answering the complaint, Allstate moved for summary judgment, arguing that the Walkers failed to give Allstate notice of the incident "as soon as possible," as the policy required, that the incident was not a covered theft, and that it was not liable for bad faith penalties.

The trial court denied the motion, finding that Allstate was not entitled to summary judgment on the ground that the loss was not covered or that the notice was not timely. Regarding the notice provision, after outlining the facts as set out above, the court held: "The reporting requirements of the policy (p. 25) are to make a claim 'as soon as possible,' and report all theft losses promptly to the police. Under the facts of this case, and reasonableness issues being generally a question for the jury, the Court cannot say that the policy notice was untimely as a matter of law."

1. Allstate argues that the trial court erred in denying its motion for summary judgment because as a matter of law the Walkers' notice of the incident came too late. "[Q]uestions [about] the adequacy of the notice and the merit of appellees' claim of justification are ones of fact which must be resolved by a jury as they are not susceptible to being summarily adjudicated as a matter of law." *State Farm &c. Ins. Co. v. Sloan*, 150 Ga. App. 464, 466 (2) (258 SE2d 146) (1979). The jury generally determines whether the excuse or justification was sufficient and whether the insured acted diligently in giving the notice, "according to the nature and circumstances of each individual case." (Punctuation omitted.) *Plantation Pipeline Co. v. Royal Indem. Co.*, 245 Ga. App. 23, 25 (1) (537 SE2d 165) (2000). An unexcused significant delay in notifying an insurer about an incident or lawsuit, however, may be unreasonable as a matter of law. Id.; *KHD Deutz &c. Corp. v. Utica Mut. Ins. Co.*, 220 Ga. App. 194, 195 (1) (469 SE2d 336) (1996).

The Walkers both testified that they did not notify the insurance company of the loss for almost a year because they did not know their policy might afford coverage for the theft. "There is no evidence, indeed, not even an assertion, that [the insured's] ignorance of the terms of the subject insurance policy was due to any fraud or over-reaching on the part of [the insurer] or its agents. The law requires more than just ignorance, or even misplaced confidence, to avoid the

terms of a valid contract." (Punctuation omitted.) *Protective Ins. Co. v. Johnson*, 256 Ga. 713, 714 (1) (352 SE2d 760) (1987). See also *Townsend v. Nat. Union Fire Ins. Co.*, 196 Ga. App. 789 (397 SE2d 61) (1990) (notification over five years after incident untimely as matter of law where insured's only excuse for delay was not knowing he was covered); *Snow v. Atlanta Intl. Ins. Co.*, 182 Ga. App. 1 (354 SE2d 644) (1987) (ten-month delay in notification unexcused and unreasonable as matter of law where insured claimed he did not know which company carried insurance on tractor-trailer). Therefore, the trial court erred in denying Allstate's motion for summary judgment on the ground that the Walkers did not give the company notice of loss as soon as possible following the incident.

2. In light of the foregoing, Allstate's remaining enumerations of error are moot.

*Judgment reversed. Smith, P. J., and Phipps, J., concur.*

DECIDED MARCH 19, 2002.

*Downey & Cleveland, Alan J. Gibson*, for appellant.
*T. Michael Flinn*, for appellees.