## A11A0092. FORSHEE et al. v. EMPLOYERS MUTUAL CASUALTY COMPANY.

### (711 SE2d 28)

BLACKWELL, Judge.

Johnny and Elizabeth Forshee own and operate a Chevron service station and convenience store in Dade County. In November 2007, a woman fell upon the premises of Forshee Chevron, and two years later, she filed a lawsuit against the Forshees for injuries that she sustained as a result of the fall. The Forshees tendered the defense of this lawsuit to their insurer, Employers Mutual Casualty Company, which provided a defense under a reservation of rights. The Forshees gave Employers Mutual no notice of the fall until after they were sued in November 2009.

While the personal injury lawsuit was pending, Employers Mutual brought this lawsuit for declaratory relief against the Forshees, alleging that they failed to timely notify Employers Mutual of the fall and that, for this reason, it owed them no defense or coverage in connection with the personal injury lawsuit. Following a bench trial, the trial court entered a declaratory judgment in favor of Employers Mutual, concluding that waiting two years to report the fall was unreasonable. The Forshees appeal from this declaratory judgment. Because it appears that the trial court did not apply the correct legal standard when it decided that the Forshees unreasonably failed to give timely notice, we vacate the judgment below and remand for further proceedings consistent with this opinion.

The material facts in this case appear to be mostly undisputed, but to the extent they are disputed, we view the evidence adduced at trial in the light most favorable to the judgment below.[1] On November 23, 2007, a woman and her male companion drove to Forshee Chevron, parked away from the gas pumps, and walked from their car toward the entrance of the convenience store. Before reaching the entrance, the woman fell to the ground, landing on her front side. Neither the clerk at the convenience store nor Mr. Forshee, who was in the rear of the store, saw the woman fall.

Mr. Forshee, however, saw the woman on the ground, and he went outside and asked if she was hurt or needed medical assistance. Mr. Forshee helped the woman back to her feet, and she and her companion began to walk back to their car. Mr. Forshee testified that, as he walked with the couple toward their car, either the woman or her companion mentioned something about a drink, so he returned

---

[1] On an appeal from a bench trial, we review the factual findings of the trial court for clear error, we review its conclusions of law de novo, *Gooch v. Tudor*, 296 Ga. App. 414, 414 (674 SE2d 331) (2009), and we view the evidence in the light most favorable to the judgment below. *Realty Lenders, Inc. v. Levine*, 286 Ga. App. 326, 326-327 (649 SE2d 333) (2007).

to the convenience store and got a fountain drink for the woman. By the time Mr. Forshee returned to the parking lot with the drink, the woman was seated in a car, and she refused his offer to call for medical assistance, telling him instead that she intended to go home. At some point, the woman may have mentioned to Mr. Forshee that her arm hurt. The couple then left the premises, never having entered the convenience store.

Neither Mr. Forshee nor the clerk had ever seen the woman or her companion before the day of the fall. They did not know the name of the woman or her companion, and they did not have any information — such as a license plate number — that might have allowed them to identify the couple. The Forshees did not see, speak with, or hear anything about the woman or her companion for nearly two years after the fall.

Then, in November 2009, the woman filed a lawsuit for injuries that she sustained as a result of her fall — only days before the statute of limitation expired — and the Forshees were served with the complaint and summons. Attached to the complaint were copies of medical records showing that, on the day she fell at Forshee Chevron, the woman was treated for a broken arm at a hospital in Alabama. The Forshees immediately sent a copy of the complaint to their insurance agent, who forwarded it to Employers Mutual. It is undisputed that, before they sent a copy of the complaint to Employers Mutual through their agent, the Forshees had given Employers Mutual no notice of the fall.

The Forshees asked Employers Mutual to defend against the personal injury lawsuit pursuant to the terms of a commercial general liability policy, which covers certain claims against the Forshees arising between July 6, 2007 and July 6, 2008. This policy insures the Forshees against liability for claims of bodily injury or property damage resulting from an "occurrence," which the policy defines broadly as "an accident." The policy requires the insured to promptly notify Employers Mutual of an occurrence that may give rise to a covered claim:

2. **Duties In The Event of Occurrence, Offense, Claim Or Suit**
 a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense that may result in a claim. To the extent possible, notice should include:
 (1) How, when and where the "occurrence" or offense took place;

**(2)** The names and addresses of any injured persons or witnesses; and

**(3)** The nature and location of any injury or damage arising out of the "occurrence" or offense.

The issue in this case is whether the Forshees gave timely notice to Employers Mutual of the occurrence on which the personal injury lawsuit is based, the woman falling on the premises of Forshee Chevron in November 2007.

The trial court held that giving no notice of the fall until two years after it occurred and only after the Forshees were sued was unreasonable and, accordingly, entered a declaratory judgment that Employers Mutual owes the Forshees no defense or coverage in connection with the personal injury lawsuit. In its order, the trial court acknowledged that the Forshees did not know the identity of the woman who fell until after she filed a lawsuit and had no means of ascertaining her identity. But the trial court focused on the severity of the injury that the woman sustained and concluded that an incident resulting in such a severe injury requires a prompt report to the insurer: "[T]he woman who fell, and who is the plaintiff in the underlying lawsuit, broke her arm and was admitted to the hospital on the date she fell. The incident was sufficiently significant so that [the Forshees] should have reported whatever they could have reported to EMC." There is no indication in the order, however, that the trial court considered what the Forshees knew, or reasonably should have known, about the existence or severity of the injury that the woman sustained before they were served with her lawsuit in November 2009. The Forshees now appeal from the declaratory judgment entered below.

It is settled under Georgia law that, when an insurance policy includes a notice requirement as a condition precedent to coverage, and when the insured unreasonably fails to timely comply with the notice requirement, the insurer is not obligated to provide a defense or coverage. See *Federated Mut. Ins. Co. v. Ownbey Enterprises*, 278 Ga. App. 1, 3 (627 SE2d 917) (2006). But an insured is not "required to foresee every possible claim, no matter how remote," that might arise from an event and give notice of it to his insurer. Instead, the law only requires an insured "to act reasonably under the circumstances." *Guaranty Nat. Ins. Co. v. Brock*, 222 Ga. App. 294, 295 (1) (474 SE2d 46) (1996). See also *Plantation Pipeline Co. v. Royal Indem. Co.*, 245 Ga. App. 23, 26 (1) (537 SE2d 165) (2000); *Newberry v. Cotton States Mut. Ins. Co.*, 242 Ga. App. 784, 785 (2) (531 SE2d 362) (2000). So, if a reasonable and ordinarily prudent person would conclude that an event forms no basis for a possible claim, the failure of the insured to give notice of the event is justified and no bar to

coverage. *Brock*, 222 Ga. App. at 295 (1). See also *State Farm Fire &c. Co. v. Walnut Avenue Partners*, 296 Ga. App. 648, 651 (2) (675 SE2d 534) (2009). Sometimes an event is so trivial or inconsequential that a court properly may conclude as a matter of law that no reasonable person would think that a claim could arise from the event and, therefore, that no notice of the event is required. See *Southern Guaranty Ins. Co. v. Miller*, 183 Ga. App. 261, 263 (358 SE2d 611) (1987). In most cases, however, the reasonableness of a failure to give notice is a question for the finder of fact. *Plantation Pipeline*, 245 Ga. App. at 25 (1).

As we have explained before, "it is the nature and circumstances of 'the accident' or 'the incident' and the immediate conclusions an ordinarily prudent and reasonable person would draw therefrom that determine whether an insured has reasonably justified his decision not to notify the insurer." *Miller*, 183 Ga. App. at 263. Relevant circumstances include the nature of the event, the extent to which it would appear to a reasonable person in the circumstances of the insured that injuries or property damage resulted from the event, and the apparent severity of any such injuries or damage. See, e.g., *Walnut Avenue Partners*, 296 Ga. App. at 653 (2); *Brock*, 222 Ga. App. at 295 (1); *Miller*, 183 Ga. App. at 263; *Richmond v. Ga. Farm Bureau Mut. Ins. Co.*, 140 Ga. App. 215, 221 (2) (231 SE2d 245) (1976). A court also properly may consider whether anyone gave an indication that he intended to hold the insured responsible for the event and resulting injuries and the extent to which the insured acknowledged the likelihood that a claim could arise from the event, either by offering compensation to the injured person or asking him to sign a release. See, e.g., *Walnut Avenue Partners*, 296 Ga. App. at 652 (2); *Plantation Pipeline Co.*, 245 Ga. App. at 26 (1); *Richmond*, 140 Ga. App. at 221 (2). And a trial court must make every effort to eliminate the distorting effects of hindsight and to evaluate the conduct of the insured from the perspective of a reasonable person in the same circumstances as those in which the insured found himself.[2]

In this case, the trial court focused primarily upon the severity

---

[2] Both this Court and our Supreme Court have warned before about the distorting effects of hindsight in other contexts in which an objective standard of reasonableness applies. We think these warnings are equally applicable here. Cf. *Johnson v. State*, 268 Ga. 416, 419 (4) (490 SE2d 91) (1997) (when assessing reasonableness of lawyer's conduct for purposes of an ineffective assistance of counsel claim, court must "eliminate the distorting effects of hindsight and . . . evaluate the conduct from counsel's perspective at the time") (citation and punctuation omitted); *Lawrence v. State*, 298 Ga. App. 94, 97-98 (679 SE2d 94) (2009) (when assessing reasonableness of police conduct in the context of the Fourth Amendment, court "must measure those actions from the foresight of an officer acting in a quickly developing situation and not from the hindsight of which judges have benefit") (citation and punctuation omitted); *Savannah Bank & Trust Co. v. Weiner*, 193 Ga. App. 616, 617 (1) (388 SE2d 725) (1989) (in negligence case, whether a person has acted reasonably depends upon his knowledge at the

of the injury — how severe it turned out to be, not how severe the Forshees knew or should have known it to be — when it determined that the failure to give notice to Employers Mutual for approximately two years and until a lawsuit was filed was unreasonable. To support this determination, the trial court cited cases in which this Court — and in one case, a federal district court — held that delays ranging from eight to twenty-four months were unreasonable as a matter of law. In each of these cases, however, it appears that the existence of a serious injury or loss was actually known to — or, at least, reasonably should have been apparent to — the insured, such that a reasonable person in the position of the insured would have concluded that the event causing the injury could form the basis for a claim, long before notice was given to the insurer. See *Kay-Lex Co. v. Essex Ins. Co.*, 286 Ga. App. 484, 487 (1) (a) (649 SE2d 602) (2007) (where insured waited 12 months to give notice of incident in which employee was killed on its premises, owner admitted that he knew on date of event that employee had been injured and taken to hospital); *Allstate Ins. Co. v. Walker*, 254 Ga. App. 315, 316 (1) (562 SE2d 267) (2002) (insured notified insurer of loss of vehicle ten months after filing stolen vehicle report with law enforcement agency); *Snow v. Atlanta Intl. Ins. Co.*, 182 Ga. App. 1 (354 SE2d 644) (1987) (insured driver notified insurer of automobile accident in which another driver was killed approximately ten months after accident occurred and six months after wrongful-death action was commenced against the insured); *Richmond*, 140 Ga. App. at 221 (2) (where insured notified insurer of collision between vehicle and pedestrian more than eight months after collision occurred, insured "was aware of the collision and the injuries sustained" and "paid a number of the injured party's medical bills"); *Alea London Ltd. v. Cook*, No. 4:06-CV-0238-HLM, 2007 WL 5376619 (N.D. Ga. Sept. 19, 2007) (insured waited two years to notify insurer, notwithstanding awareness of serious head injuries resulting from accident). Moreover, it appears that the trial courts in these cases did not assess the conduct of the insured through the lens of hindsight, but instead applied the correct legal standard and assessed it from the perspective of a reasonable person in the position in which the insured found himself at the time of, and following, the incident.

In this case, we think that the trial court failed to eliminate the distorting effects of hindsight when it based its reasonableness determination on how severe the injury turned out to be, rather than how severe it would have appeared to a reasonable person in the

---

time of the injury and cannot be based upon "hindsight which reveals a mistake") (citation and punctuation omitted).

position of the Forshees. The evidence shows that the relevant occurrence was a fall in a parking lot. The victim refused all offers of medical assistance, walked on her own back to her car, and told Mr. Forshee that she was going home. She did not indicate that she believed Forshee Chevron was responsible for her fall, and she did not ask Mr. Forshee for his insurance information or even for his name. Although the woman may have told Mr. Forshee that her arm hurt, there is no evidence that any serious injuries were visible or that the woman later informed the Forshees of the seriousness of her injury and that it required medical treatment, and the Forshees had no way of identifying the woman or contacting her. It does not appear that the trial court adequately considered these circumstances in determining whether the Forshees acted reasonably in failing to provide Employers Mutual with notice of the fall at the time it occurred.

The reasonableness of the failure of the Forshees to give notice sooner to Employers Mutual must be assessed from the perspective of a reasonable person in the circumstances in which the Forshees found themselves, not that of an omniscient being having the benefit of full and accurate information that emerged only later and the benefit of hindsight. About whether the Forshees acted unreasonably, we decide nothing, and nothing in our opinion should be understood to suggest that the evidence in this case compels any particular answer to that question. The reasonableness of their conduct is something for the trial court, not this Court, to assess and determine in the first instance, applying the appropriate legal standard. But because it appears that the trial court applied the wrong legal standard when it viewed the evidence through the distorting lens of hindsight, we must vacate the judgment below and remand for further proceedings consistent with this opinion.

*Judgment vacated and case remanded. Barnes, P. J., and Adams, J., concur.*

DECIDED APRIL 28, 2011 —
RECONSIDERATION DENIED MAY 18, 2011 — 

*John R. Emmett*, for appellants.
*Brock, Clay, Calhoun & Rogers, Charles M. Dalziel, Jr.*, for appellee.