[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-13174

Non-Argument Calendar

_____

RICHARD CURRIE,

                                                    Plaintiff-Appellant,

*versus*

AUTO-OWNERS INSURANCE COMPANY,

                                                    Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:20-cv-02160-ELR

_____

Before WILLIAM PRYOR, Chief Judge, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Richard Currie appeals the summary judgment in favor of his former insurer, Auto-Owners Insurance Company, and against his complaint of breach of contract and of bad faith denial of coverage. The district court ruled that Currie failed to provide timely notice of his loss and his delay provided a reasonable ground to deny coverage. We affirm.

In 2014, Currie and his wife purchased a homeowners policy from Auto-Owners for their property in Stockbridge, Georgia, through the McGarity Insurance Company. The Curries regularly paid their insurance premium with their mortgage payment to Wells Fargo after each annual renewal. The policy required Currie to give Auto-Owners "or [its] agency immediate notice . . . if a covered loss occurs." The policy also required that Currie "protect the property from further damage or loss," inventory "damaged and destroyed property," and submit "a proof of loss . . . within 60 days after . . . [giving] noti[ce] . . . of the loss."

In June 2017, three months after Currie and his wife separated, he submitted a claim to Auto-Owners for damage a tree caused to the back deck and above-ground pool. Currie exchanged emails with an adjuster and negotiated three insurance checks.

Curry renewed his homeowner policy in August 2018 despite having declared bankruptcy.

In October 2018, Wells Fargo foreclosed on the mortgage and the Curries' divorce became final. Currie remained on the property as a squatter and tapped into a neighbor's electrical supply. He discarded all mail addressed to the "current resident."

In November 2018, a fire occurred on the property and left it uninhabitable. The fire department "classified the cause [of the fire] as undetermined and was unable to rule out human action or misuse of electrical appliances." The fire department issued a report that valued the personal property destroyed as $5,000. Currie returned to the property to retrieve three items without protecting the house from the elements or from intruders. Later, he could not recall the name of his insurer and called Wells Fargo. A bank representative told Currie that the property was uninsured.

On October 10, 2019, after receiving notice that Auto-Owners had cancelled the homeowner policy for nonpayment of premiums, Currie contacted McGarity about the fire. An insurance agent recorded that Currie said he "waited so long to call due to not hearing back from the fire department." The agent instructed Currie to submit the report from the fire department to open his claim.

Five days later, McGarity filed Currie's claim with Auto-Owners. Currie told an adjuster that his delay was "due to not knowing who his insurance carrier was or his agent" until he received the cancellation notice. Currie stated that he "just want[ed]

his contents paid for." Because Currie had failed to protect the property and wiring was missing from the walls, which suggested the house had been vandalized, Auto-Owners notified Currie that it was proceeding under a reservation of rights.

The adjuster requested an investigation into the origin and cause of the fire based on Currie's remark that a friend had reported seeing another person pour gasoline on Currie's bed. Auto-Owners retained an independent adjuster to examine the property. Auto-Owners also retained a fire investigator who contacted the fire department after examining its report and learned that the origin of the fire was undetermined because the floor in the master bedroom was too unstable to collect samples. The investigator determined from the "burn patterns within the master bedroom that the fire originated on the bed in the center of the room." But the investigator was unable to determine the cause of the fire "due to damage, time, theft, and undocumented changes to the unsecured scene . . . ."

On November 25, 2019, Auto-Owners denied Currie's claim for coverage. The insurer stated that, due to Currie's delay in reporting the loss, it was unable "to fully investigate the cause of the fire" or "to determine the extent of the damages due to the delay in reporting after the loss." The insurer invited Currie to "advise" it of any information "relied on that [was] not accurate" and to "forward any additional information . . . relevant to the question of coverage . . . ."

Currie retained an attorney who notified Auto-Owners that Currie's delay was reasonable because the fire had destroyed his records, Wells Fargo had advised him that the property was uninsured, and he had contacted Auto-Owners promptly after receiving a renewal notice. Currie inventoried his personalty with professionals and submitted a proof of loss for $140,700. Auto-Owners responded that it had denied the claim and urged Currie to submit "any information . . . that could assist . . . in an evaluation of what damages were specifically related to the fire . . . apart from any damages for . . . failure to protect the property post-loss" or that is "relevant to the question of coverage."

Currie filed a complaint against Auto-Owners in a Georgia court, and the insurer removed the action to the district court. Currie alleged that the "Loss [caused by the fire] was a covered loss to covered property under the terms and conditions of [his] Policy" and that Auto-Owners "unreasonably and frivolously failed to make payment . . . for the damage to his personal property caused by the Loss."

Auto-Owners moved for summary judgment, which the district court granted. The district court ruled that Currie breached a condition precedent to coverage by failing to provide immediate notice of the loss, which was unreasonable as a matter of law. The district court rejected Currie's arguments that his delay was justifiable based on the misstatement of a Wells Fargo representative, his forgetfulness and the destruction of his policy, and the confusion caused by his divorce, foreclosure, and substance abuse. The

district court also ruled that Auto-Owners "conducted a thorough investigation of the fire" and had a "reasonable, nonfrivolous ground" to deny coverage.

We review a summary judgment *de novo*. *See Pelaez v. Gov't Emps. Ins. Co.*, 13 F.4th 1243, 1249 (11th Cir. 2021). We view the facts and draw all reasonable inferences from those facts in Currie's favor. *See id.* Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Under Georgia law, which the parties agree applies, when an insurance policy requires timely notice of a loss as a condition precedent to coverage, the insured must "compl[y] with the notice provision or demonstrate justification for failing to do so." *Progressive Mountain Ins. Co. v. Bishop.*, 790 S.E.2d 91, 95 (Ga. Ct. App. 2016). "[A]n insured . . . [must] act reasonably," *Forshee v. Emps. Mut. Cas. Co.*, 711 S.E.2d 28, 31 (Ga. Ct. App. 2011) (internal quotation marks omitted), "with reasonable diligence and within a reasonable length of time in view of the attending circumstances," *Bituminous Cas. Corp. v. J.B. Forrest & Sons, Inc.*, 209 S.E.2d 6, 9 (Ga. Ct. App. 1974). "[T]he facts and circumstances of a particular case may render an insured's delay in giving notice of an occurrence to his insurer unjustified and unreasonable as a matter of law." *Progressive Mountain*, 790 S.E.2d at 95 (quoting *Plantation Pipe Line Co. v. Stonewall Ins. Co.*, 780 S.E.2d 501, 506 (Ga. Ct. App. 2015)). So, the "conclusions an ordinarily prudent and reasonable person would draw . . . determine whether an insured has

reasonably justified his decision not to notify the insurer." *Forshee*, 711 S.E.2d at 31.

The district court did not err by entering summary judgment against Currie's complaint of breach of contract. Currie's 11-month delay in reporting his loss was unreasonable as a matter of law. Currie argues that "he was unaware of the existence of a policy that might provide coverage for the Fire until he received the cancellation notice from Auto-Owners," but "a reasonable person in the same circumstances as those in which [Currie] found himself" would have thought a policy existed, *Forshee*, 711 S.E.2d at 32. Currie had been a policyholder since 2014, he obtained payment from Auto-Owners on a claim he filed about a year earlier, and he renewed his policy three months before the fire. Curry also could not justify his delay based on the statement of an unnamed Wells Fargo representative at an unspecified time after the fire that there was no insurance on the property. In Georgia, "[t]he law requires more than . . . misplaced confidence, to avoid the terms of a valid contract." *Protective Ins. Co. v. Johnson*, 352 S.E.2d 760, 761 (Ga. 1987) (quoting *Int'l Indem. Co. v. Smith*, 342 S.E.2d 4, 5 (Ga. Ct. App. 1986)). Curry could not reasonably rely on Wells Fargo to know the status of an insurance policy that he purchased.

The district court also did not err by entering summary judgment against Currie's complaint of bad faith. An insurer acts in bad faith when it makes a "frivolous and unfounded refusal in law or in fact to pay according to the terms of the policy." *Amica Mut. Ins. Co. v. Sanders*, 779 S.E.2d 459, 463 (Ga. Ct. App. 2015) (internal

quotation marks omitted). Currie waited 11 months to notify Auto-Owners of his loss and provided dubious reasons for failing to do so. Currie maintains that Auto-Owners failed to perform a fair investigation, but the record proves otherwise. Undisputed evidence established that Auto-Owners retained a third party that examined the scene, determined the origins of the fire, and, after amassing records from and contacting agents of the fire department, agreed with its conclusion that the cause of the fire could not be determined.

We **AFFIRM** the summary judgment in favor of Auto-Owners.