**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**September 1, 2022**

# In the Court of Appeals of Georgia

A22A0694. OWENS v. PROGRESSIVE PREMIER INSURANCE
      COMPANY OF ILLINOIS.

DILLARD, Presiding Judge.

In this civil action, Calvin Owens, Jr., sued Robbie Cope for injuries he suffered as a result of an automobile accident involving his and Cope's vehicles. Owens also served the complaint on Progressive Premier Insurance Company of Illinois, seeking uninsured motorist coverage on the ground that his sister's policy with Progressive covered him because he resided with her. Progressive moved for summary judgment, which the trial court granted. On appeal, Owens argues the trial court erred in ruling that his failure to notify Progressive of the accident until one year after it occurred was unreasonable and unjustifiable as a matter of law. For the reasons set forth *infra*, we affirm.

Viewed in the light most favorable to Owens (*i.e.*, the nonmoving party),[1] the record shows that on January 26, 2019, Owens suffered injuries when his vehicle was struck by another vehicle driven by Cope, who was insured by State Farm Insurance Company. At the time of the accident, Owens resided at the home of his sister, who held an automobile insurance policy with Progressive. That policy did not identify Owens as a named insured, an additional driver, or indicate that Owens's vehicle was insured. And in Part VI, titled "Duties In Case Of An Accident Or Loss," the policy provided: For coverage to apply under this policy, you or the person seeking coverage must promptly report each accident or loss even if you or the person seeking coverage is not at fault."

On January 27, 2020, Owens discovered that his sister's policy, nonetheless, *might* afford him coverage as a resident relative. As a result, on that same date, Owens's counsel provided Progressive with notice of his client's automobile accident with Cope. On January 22, 2021, Owens filed suit against Cope, and several days later, he served a copy of the complaint on Progressive as putative uninsured/underinsured motorist carrier. Progressive filed an answer and,

---

[1] *See, e.g., Swanson v. Tackling*, 335 Ga. App. 810, 810 (783 SE2d 167) (2016).

subsequently, filed a motion for summary judgment. In doing so, Progressive argued it had no duty to provide coverage because the sister's policy required accidents to be reported promptly, and Owens's failure to provide notice of his accident until one year and one day after it occurred was unreasonable. Owens filed a response, and the trial court initially issued an order denying summary judgment. But less than one week later, the court, *sua sponte*, vacated that order, and several months later, it issued an order granting Progressive summary judgment. This appeal follows.

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[2] If summary judgment is granted, it enjoys no presumption of correctness on appeal, and an appellate court must satisfy itself that the requirements of OCGA § 9-11-56 (c) have been met.[3] And in conducting this *de novo* review, we are charged with "viewing the evidence, and all reasonable

---

[2] OCGA § 9-11-56 (c).

[3] *See Cowart v. Widener*, 287 Ga. 622, 624 (1) (a) (697 SE2d 779) (2010) ("Summary judgments enjoy no presumption of correctness on appeal, and an appellate court must satisfy itself de novo that the requirements of OCGA § 9-11-56 (c) have been met.").

conclusions and inferences drawn from the evidence in the light most favorable to the nonmovant."[4] Bearing these guiding principles in mind, we turn to Owens's specific claims of error.

Owens argues the trial court erred in granting summary judgment to Progressive on the ground that his failure to notify the insurer of the accident until one year after it occurred was unreasonable as a matter of law and his excuse for the delay in providing such notice was unjustifiable. We disagree.

Under Georgia law, whether an insured provides "an insurer timely notice of an event or occurrence under a policy generally is a question for the factfinder."[5] Indeed, an insured may be able to "present justification for delay in giving notice, and whether that justification was sufficient is generally a fact-based inquiry for a jury."[6] But importantly, the facts and circumstances of a particular case "may render an

---

[4] *Benefield v. Tominich*, 308 Ga. App. 605, 607 (1) (708 SE2d 563) (2011) (punctuation omitted); *accord Swanson*, 335 Ga. App. at 810.

[5] *Progressive Mountain Ins. Co. v. Bishop*, 338 Ga. App. 115, 118 (2) (790 SE2d 91) (2016) (punctuation omitted); *accord Plantation Pipe Line Co. v. Stonewall Ins. Co.*, 335 Ga. App. 302, 306 (1) (780 SE2d 501) (2015).

[6] *Bishop*, 338 Ga. App. at 118 (2).

insured's delay in giving notice of an occurrence to his insurer unjustified and unreasonable as a matter of law."[7]

Here, the sister's Progressive policy required "the person seeking coverage" to "promptly report each accident." And in such cases, "in which a policy's notice provision gives no specific time frame, there is no bright-line rule on how much delay is too much."[8] As a result, Owens argues his delay of one year and one day before notifying Progressive of his accident was justified because he did not realize until then that his sister's policy might also afford him coverage as a resident relative. But while we have previously held that the question of whether a delay approaching one year was justified presents a question for a jury,[9] Owens's justification for the delay in this matter is unreasonable as a matter of law. Specifically, there is no evidence—indeed, not even an assertion—that Owens's "ignorance of the terms of

---

[7] *Id.* at 118-19 (2) (punctuation omitted); *accord Plantation Pipe Line Co.*, 335 Ga. App. at 306 (1).

[8] *Bishop*, 338 Ga. App. at 119 (2).

[9] *See id.* at 119-21 (2) (holding that whether nearly 11-month delay in plaintiff giving notice of accident to insurer was unreasonable was a jury question); *Sands v. Grain Dealers Mut. Ins. Co.*, 154 Ga. App. 720, 721 (270 SE2d 8) (1980) (ruling that 11-month delay in providing notice of accident based on provision that required notice be given "as soon as practicable" created a jury question as to whether insurer had duty to provide coverage).

5

the subject insurance policy was due to any fraud or overreaching on the part of the insurer or its agents."[10] And the law requires more than "just ignorance, or even misplaced confidence, to avoid the terms of a valid contract."[11] Given these particular circumstances, the trial court did not err in ruling that Owens's delay in giving notice of his accident to Progressive was unjustified and unreasonable as a matter of law.[12]

---

[10] *Protective Ins. Co. v. Johnson*, 256 Ga. 713, 714 (1) (352 SE2d 760) (1987) (punctuation omitted); *accord Allstate Ins. Co. v. Walker*, 254 Ga. App. 315, 317 (1) (562 SE2d 267) (2002).

[11] *Johnson*, 256 Ga. at 714 (1) (punctuation omitted); *accord Walker*, 254 Ga. App. at 317 (1).

[12] *See Geico Gen. Ins. Co. v. Breffle*, 355 Ga. App. 276, 279 (2) (844 SE2d 179) (2020) (reversing denial of summary judgment based on concluding that insured's 13-month delay in providing insurer notice of accident because, while he was aware of the policy, he did not think he would need to use his uninsured coverage, and thus the delay was unreasonable as a matter of law); *Walker*, 254 Ga. App. at 316-17 (1) (granting summary judgment to insurer on ground that, even though the plaintiffs were aware of the policy's existence, they were unaware it might provide coverage for theft, and thus, their nearly one-year delay in giving notice was not justified); *Snow v. Atlanta Int'l Ins. Co.*, 182 Ga. App. 1 (354 SE2d 644) (1987) (holding that ignorance of policy does not excuse 10-month delay in giving notice to insurer when the plaintiff was aware the policy existed, but did not inquire with his employer about its content); *Int'l Indemnity Co. v. Smith*, 178 Ga. App. 4, 5 (1) (342 SE2d 4) (1986) (ruling that 52-month delay was unreasonable as a matter of law and not justified by insured's illiteracy when the plaintiff knew of the policy's existence, but did not have anyone read it to him). *Cf. Bishop*, 338 Ga. App. at 119-20 (2) (holding that appellee's 11-month delay in giving insurer notice of accident was not unreasonable as a matter of law when, unlike here, he may not have known the extent of his injuries and believed the other driver's insurance would be sufficient to cover them).

*Judgment affirmed. Mercier and Markle, JJ., concur.*