NORTHLAND INSURANCE COMPANY, Plaintiff,

v.

CAILU TITLE CORPORATION, Donald G. Sare, Jr., Kelly L. Sare, Tyrone Johnson, and Stewart Title Guaranty Company, Defendants.

No. 1:00 CV 280.

United States District Court, W.D. Michigan, Southern Division.

Aug. 23, 2000.

Steven B. Galbraith, Galbraith & Booms, Southfield, MI, for Northland Insurance Co.

Paul E. Jensen, Jensen & Stuart, Grand Rapids, MI, for Tyrone Johnson.

John W. Griffen, Jr., William E. Hosler, III, Williams, Williams, Ruby & Plunkett, Birmingham, MI, for Stewart Title Guaranty Co.

Jacqueline D. Scott, Varnum, Riddering, Schmidt & Howlett, LLP, Grand Rapids, MI, for Cendant Mortgage Corp.

*OPINION AND ORDER ON NORTH-LAND INSURANCE COMPANY'S REQUEST TO CLERK FOR ENTRY OF DEFAULT JUDGMENT AND ON STEWART TITLE GUARANTY COMPANY'S MOTION TO DENY ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANTS CAILU TITLE COMPANY, DONALD G. SARE, AND KELLY L. SARE IN THE FORM REQUESTED BY PLAINTIFF*

MILES, Senior District Judge.

This is a diversity action for declaratory judgment brought by an insurer, Northland Insurance Company ("Northland"), against its insured and the injured party. Three of the defendants in the action, the insured Cailu Title Corporation ("Cailu"), Donald G. Sare, Jr., and his wife, Kelly L. Sare, are in default. The matter is currently before the court on Northland's Request to Clerk for Entry of Default Judgment against these defaulting defendants (docket no. 11), and on the motion of defendant/injured party Stewart Title Guaranty Company ("Stewart") to deny entry of the default judgment in the form requested by Northland (docket no. 13).

For the following reasons, the court denies Northland's request for entry of default judgment in the form requested, and, therefore, the court also grants Stewart's motion.

## I

The insured, Cailu, is (or was at one time) a Michigan title insurance company. Defendant Donald G. Sare, Jr. is the president of Cailu, which is owned by Donald G. Sare, Jr. and his wife, defendant Kelly L. Sare. Defendant Tyrone Johnson is (or was at one time) an employee of Cailu. In 1997, Northland issued to Cailu a claims-made Title Agent, Abstracter & Escrow Agent Errors and Omissions Liability Policy (the "Northland policy"), covering the period from August, 1997 to August, 1998. On application by Cailu, Northland issued a renewal policy covering the period from August, 1998 to August, 1999.

Stewart is a Texas title insurance corporation. Stewart, which does business nationally, including in the State of Michigan, underwrites title insurance activity for approved agents. In October, 1998, Cailu and Stewart entered into an agreement, under which Cailu agreed, among other things, to become an agent of Stewart. Part of Cailu's duties in this capacity included serving as escrow agent at real estate closings and receiving monies to be paid to borrowers and/or lenders as mortgage payoffs.

Stewart's relationship with Cailu is currently the subject of an action pending in a Michigan court, *Stewart Title Guaranty Co. v. Cailu Title Corp., Donald G. Sare, Jr., Kelly Sare, and Tyrone Johnson,* No. 99–954 CB (Eaton County Circuit Court, Complaint, Aug. 2, 1999). According to the complaint filed by Stewart in that action, in late April, 1999, Stewart became aware of a "problem" with a mortgage payoff which was to have been made by Cailu to Chase Manhattan Mortgage Corporation ("Chase"). Specifically, Chase asserted that in connection with a mortgage closing which had occurred, Cailu had on two occasions forwarded mortgage payoff checks to Chase, both which were returned for non-sufficient funds ("NSF"). Stewart contacted Donald Sare for an explanation, and Sare promised to immediately forward another check to Chase.

Although the matter involving Chase was resolved after Chase was paid in certified funds in May, 1999, an ensuing investigation by Stewart allegedly revealed a shortage in Cailu's escrow account amounting to approximately $300,000. In addition, other checks issued by Cailu were also returned NSF. Stewart's state court complaint alleges that Donald Sare has stated that he believed there was a "fraud" situation occurring within Cailu's office, and that Sare has fingered one particular employee, Tyrone Johnson, as the perpetrator. Stewart's action, which remains pending in Michigan's Eaton County Circuit Court, asserts claims against Cailu, the Sares, and Johnson which include breach of the title insurance underwriting agreement, breach of statutory fiduciary duty and the Michigan Insurance Code, embezzlement/defalcation, conversion, and commingling of funds.

Stewart's state court complaint alleges that before signing the agency agreement with Stewart on behalf of Cailu, Donald Sare disclosed his involvement in a pending lawsuit with some former partners in another title agency, in which claims and counterclaims had been made concerning mismanagement, misappropriation of funds, and breach of duties in connection with the operation of this other business. However, Northland's position in the current action appears to be that Northland did not know about Cailu's potential problems when it agreed to renew Cailu's policy. In this action, Northland seeks a declaration (1) that its errors and omissions policy is not triggered by Stewart's claims against Cailu, which arise out of deliberately wrongful acts, such as embezzlement, or (2) rescinding the renewal policy as void, based on Sare's failure to disclose to Northland circumstances which might be expected to result in claims by Stewart against both Sare and Cailu.

Both Stewart and Johnson have filed their answers in this action. However, Cailu, Donald Sare, and Kelly Sare have not, and on June 12, 2000, at Northland's request, the Clerk entered the default of Cailu and the Sares according to Fed.R.Civ.P. 55(a). One

week later, Northland filed its Request to Clerk for Entry of Default Judgment. Stewart promptly filed a written objection to the request (docket no. 12), and thereafter also filed its Motion to Deny Entry of the default judgment.

## II

Northland's proposed default judgment against Cailu and the Sares seeks to have the court declare as follows:

(1) that the allegations of Northland's complaint against these defendants are confessed;

(2) that the Northland policy does not apply and provides no coverage on behalf of Donald Sare, Kelly Sare, or Cailu in the matter of *Stewart Title Guaranty Co. v. Cailu Title Corp., et al.;*

(3) that Northland has no duty to defend Cailu, Donald Sare, or Kelly Sare in *Stewart Title Guaranty Co. v. Cailu Title Corp., et al.,* nor is there any obligation by Northland to indemnify them for any settlements or judgments entered in that action; and further,

(4) that Northland is immediately relieved of any obligation to defend Cailu, Donald Sare, or Kelly Sare in that action.

Stewart objects to the entry of the default judgment as requested by Northland. Stewart vigorously contests Northland's claim that its policy provides no coverage for the underlying state court action, arguing that the Northland policy does require Northland to provide defense and indemnity in the underlying action, and that any exclusions contained in the Northland policy do not preclude coverage. Stewart also argues that if a default judgment in the form proposed by Northland is entered, Northland's obligation to provide defense and indemnity in the underlying action ceases immediately, despite the fact that coverage issues have not been determined on their merits-a determination to which the non-defaulting defendants, Stewart and Johnson, are entitled. Stewart further argues that it is a third-party beneficiary to the Northland policy, and that as a result, if a default judgment is entered in this case in the form requested by Northland, the result would be to provide Northland will full relief effective not only as to Cailu and the Sares, but also as to Stewart and Johnson, without a benefit of a trial or other proper determination of the issues on the merits.

Entry of default judgment is governed by Fed.R.Civ.P. 55. Pursuant to Rule 55(b)(1), the clerk may only enter a default judgment "[w]hen the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain[.]" This is an action for declaratory relief; no sum certain has been requested. Under the circumstances, Northland's request that the Clerk enter a default judgment in any form may not be granted.

Pursuant to Rule 55(b)(2), "[i]n all other cases the party entitled to a judgment by default shall apply to the court therefor[,]" and

If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

Rule 55(b)(2) must be read in conjunction with Fed.R.Civ.P. 54(b), which provides in pertinent part as follows:

(b) **Judgment Upon Multiple Claims or Involving Multiple Parties.** When ... multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the ... parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates ... the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the ... parties, and the order or other form of decision is subject to revision

at any time before the entry of judgment adjudicating ... the rights and liabilities of all the parties.

■ "An entry of default and a default judgment are distinct concepts which must be treated separately." *United States v. Topeka Livestock Auction, Inc.,* 392 F.Supp. 944, 950 (N.D.Ind.1975). "When a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting a default judgment until the trial of the action on the merits against the remaining defendants." *Exquisite Form Ind., Inc. v. Exquisite Fabrics of London,* 378 F.Supp. 403, 416 (S.D.N.Y.1974).

■ Here, Northland has made no attempt to demonstrate why entry of a judgment at this time would be proper, even as to the defaulting defendants. In contrast, Stewart has submitted an important reason why the court should delay in entering judgment: the obvious relatedness of the insurance coverage issues raised by Northland against all of the defendants. Under the circumstances, the court is persuaded that review of this action as a single unit is proper, and that entry of a Rule 54(b) judgment at this time would therefore be improper. *Cf. Federal Deposit Ins. Corp. v. Tripati,* 769 F.2d 507, 508 (8th Cir.1985) (district court did not err in certifying default judgment against certain defendants for immediate appeal under Rule 54(b), where default judgment was unrelated to the merits of the claims against the remaining defendants).

Here, because defendants Cailu, Donald Sare, and Kelly Sare have defaulted, the allegations of the complaint filed against them by Northland shall be taken as true, and these defaulting defendants will not be heard to later complain that they have not been heard in defense of this action. However, because Northland has brought two additional, proper parties into this action-Stewart

and Johnson-who have indicated their intention of defending themselves, these non-defaulting parties remain entitled to contest Northland's allegations. *Hawkeye–Security Ins. Co. v. Schulte,* 302 F.2d 174, 177 (7th Cir.1962). Entry of a declaratory judgment as requested by Northland would therefore be improper at this time.[1]

### III

For the foregoing reasons, the court grants Stewart's Motion to Deny Entry of Default Judgment, and, accordingly, denies Northland's Request to Clerk for Entry of Default Judgment.

---

1. Stewart argues that in a virtually identical case, *Allstate Ins. Co. v. Hayes,* 442 Mich. 56, 499 N.W.2d 743 (1993), the Michigan Supreme Court held that after the default of the insured in an action for declaratory judgment to determine insurance policy coverage, the named defendant injured party was still entitled to a trial on the merits of the coverage issues.

"It is settled law that, as a procedural remedy, the federal rules respecting declaratory judgment actions, apply in diversity cases." *Federal Kemper Ins. Co. v. Rauscher,* 807 F.2d 345, 352 (3d Cir.1986). However, *Allstate v. Hayes* indicates that in this instance, Michigan and federal law do not differ.