[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14291
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-23996-MGC


ANNIE L. GRIMES,

                                                            Plaintiff-Appellant,

versus

MIAMI DADE COUNTY,
William Candella, Assistant County Attorney,

                                                            Defendant-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 14, 2014)

Before WILSON, FAY, and DUBINA, Circuit Judges.

PER CURIAM:

Annie Grimes, an African American woman, appeals pro se the district court's granting summary judgment for Miami-Dade County ("the County") in her retaliation case under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e–3(a).  We affirm.

I.

The County first hired Grimes in May 2001 to work in its Housing Agency. In 2003, Grimes filed an EEOC charge against the Housing Agency.  In August 2004, the parties entered into a settlement agreement, which resolved Grimes's claims and required the Housing Agency to remove all negative references from Grimes's personnel record.

In December 2004, the County hired Grimes to work as an Airport Office Support Specialist 2 in the Aviation Department, under the direction of Melvin Payne.  From 2004 to 2009, Grimes received several salary increases and merit increases in pay; she was classified as an Airport Office Support Specialist 2 throughout her employment with the Aviation Department.  One of Grimes's tasks was to monitor and enter requisitions on the Enterprise Resource Planning ("ERP") system.  Payne decided to relieve Grimes of her ERP requisition duties in early 2008, based on complaints he had received that Grimes was preparing requisitions improperly.

2

In October 2008, Grimes filed an EEOC charge against the Aviation Department and alleged it had demoted her in retaliation for her 2003 EEOC complaint against the Housing Agency. The EEOC issued a Notice of Right to Sue; Grimes subsequently filed a pro se complaint in district court. She alleged the reduction in her job duties was a demotion, and Payne had demoted her, when he learned about her 2003 EEOC charge against the Housing Agency.

The County moved for summary judgment and argued Grimes could not establish a prima facie case of retaliation. The County conceded Grimes had engaged in protected activity by filing the 2003 EEOC charge against the Housing Agency. But the County argued Grimes had not suffered a materially adverse employment action and could not establish a causal connection between the 2003 EEOC charge and the 2008 reduction in her job duties.

The district court agreed, granted summary judgment in favor of the County, and found Grimes had not been demoted; consequently, she had not suffered a materially adverse employment action. The court also found Payne was not aware of the 2003 EEOC charge, when he relieved Grimes of her ERP requisition duties. Therefore, Grimes had failed to establish a causal connection between her protected activity and the 2008 adjustment in job duties while working in the Aviation Department.

## II.

3

On appeal, Grimes argues the district court erred in granting the County's motion for summary judgment. She asserts she has had difficulty finding employment because of the County's discrimination and retaliation against her. She further argues her records are clean, she has never committed a crime, and she has performed her job duties without any problems.[1]

We review a district court's grant of summary judgment de novo, "applying the same legal standards as the district court." *Chapman v. AI Transp.*, 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc). Summary judgment is appropriate if the evidence before the court shows there is no genuine issue regarding any material fact. *Id.* "A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor." *Id.* (citation and internal quotation marks omitted). In making this determination, we make all reasonable inferences in favor of the nonmoving party. *Id.* An appellant abandons a claim or argument not briefed on appeal, and we will not address such a claim or argument on the merits. *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1293 (11th Cir. 2009).

---

[1] For the first time on appeal, Grimes argues the County defamed her character, and the district judge should not have been assigned to her case. Because Grimes did not raise those issues before the district court, she has waived them, and we will not consider them on the merits. *Ramirez v. Sec'y, U.S. Dep't of Transp.*, 686 F.3d 1239, 1249 (11th Cir. 2012) (recognizing we generally will not consider arguments raised for the first time on appeal).

4

Title VII provides that "[i]t shall be an unlawful employment practice for an employer to discriminate against any of [its] employees . . . because [s]he has opposed any practice made an unlawful employment practice by [Title VII], or because [s]he has made a charge" under Title VII.  42 U.S.C. § 2000e–3(a).  To establish a prima facie case of retaliation, a plaintiff must show she engaged in protected activity, she suffered a materially adverse action, and a causal connection existed between the activity and the adverse action.  *Dixon v. The Hallmark Cos.*, 627 F.3d 849, 856 (11th Cir. 2010).  Only those employment actions that result in "a *serious and material* change in the terms, conditions, or privileges of employment" constitute adverse employment actions.  *Howard v. Walgreen Co.*, 605 F.3d 1239, 1245 (11th Cir. 2010) (citation and internal quotation marks omitted).  To establish the causal connection, a plaintiff generally must establish "that the employer was actually aware of the protected expression at the time it took adverse employment action."  *Clover v. Total Sys. Servs., Inc.*, 176 F.3d 1346, 1354 (11th Cir. 1999) (citation omitted).

On appeal, Giles does not challenge the district court's determination that she failed to establish a prima facie case of retaliation.  She makes no argument the removal of her ERP requisition duties constituted an adverse employment action, and she does not address whether there was a causal connection between her 2003 EEOC charge against the Housing Agency and the reduction in her job

5

duties in 2008 at the Aviation Department. Accordingly, she has abandoned those issues on appeal. *Carmichael*, 572 F.3d at 1293.

Nevertheless, the adjustment in her job duties in 2008 was not an adverse employment action, because it was not a material change in the terms, conditions, or privileges of employment. *Howard*, 605 F.3d at 1245. Grimes retained the same job description and work location, and she did not receive a lower salary or fewer benefits. Moreover, Grimes received a salary increase and a merit increase in pay during 2008. In addition, Grimes has not demonstrated Payne was aware of her 2003 EEOC charge against the Housing Agency, when he adjusted her job duties in 2008. *See Clover*, 176 F.3d at 1354. At most, Grimes asserted Payne had access to the 2003 EEOC charge and 2004 settlement agreement, but she failed to provide any evidence showing actual knowledge. Accordingly, Grimes cannot establish a prima facie case of retaliation.

**AFFIRMED.**

6