**FIRST DIVISION**
**DOYLE, C. J.,**
**ANDREWS, P. J., and RAY, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**September 15, 2016**

# In the Court of Appeals of Georgia

A16A0799. ARGO v. G-TEC SERVICES, LLC et al.

RAY, Judge.

James Argo filed suit against G-Tec Services, LLC ("G-Tec") and Keith Boyd asserting, inter alia, a claim for breach of contract. On the parties' cross-motions for summary judgment, the trial court denied Argo's motion and granted G-Tec's motion. Argo appeals, contending that the trial court misapplied the rules of contract construction in interpreting the contract at issue. Finding no error, we affirm.

The record shows that Argo and G-Tec entered into an Employment Compensation Agreement (the "Employment Agreement") on August 29, 2013. Pursuant to the Employment Agreement, Argo was provided with an initial six-month term of employment, but G-Tec retained the "right to terminate [the Employment Agreement] at any time during the [t]erm for any or no reason." Argo's

responsibilities as an employee were to acquire new customers and manage G-Tec's marketing efforts. As part of his compensation, Argo was to receive "[c]ommission on sales by Employee equal to 2% of the Company's gross sales throughout the [t]erm." During the term of the Employment Agreement, Argo made no new sales and secured no new clients for G-Tec. Disliking the terms of his employment, Argo offered to resign from his position. Consequently, on December 11, 2013, G-Tec notified Argo that his employment would terminate on December 15, 2013.

Following the termination of his employment, Argo filed the instant suit contending, inter alia, that G-Tec breached the terms of the Employment Agreement by failing to pay him commissions during his term of employment. He also contended that the Employment Agreement did not create an at-will employment and, because he was terminated without cause, his compensation should have continued after his termination for the remainder of the six-month term. On the parties' cross-motions for summary judgment, the trial court found that Argo was not entitled to a commission under the Employment Agreement because he made no personal sales. The trial court further found that Argo's contract was terminable at will and that Argo was not entitled to compensation for the remaining portion of the term after his employment was terminated. This appeal ensued.

2

1. Argo first argues that the trial court misapplied rules of contractual construction in interpreting the commissions clause of the employment agreement. Specifically, he contends that he was contractually entitled to receive commissions equal to two percent of the G-Tec's gross sales throughout the term even though he made no sales himself. We disagree.

"The construction of a contract is a question of law for the court." OCGA § 13-2-1. The cardinal rule of contract construction is to ascertain the intention of the parties to the contract. OCGA § 13-2-3; *Eckerd Corp. v. Alterman Props., Ltd.*, 264 Ga. App. 72, 76 (2) (589 SE2d 660) (2003). When construing contracts, there are three steps to ascertain the intent of the parties:

> First, the court decides if the contract language is unambiguous, and if so the court enforces the contract's clear terms. Second, if the contract is ambiguous, the court must apply the rules of contract construction to resolve the ambiguity. And third, if the ambiguity remains after use of the construction rules, the meaning of the contract must be decided by a jury.

(Footnote omitted.) *Eckerd Corp.*, supra.

3

"The first rule that courts must apply when construing contracts is to look to the plain meaning of the words of the contract," *Ga. Real Estate Props., Inc. v. Lindwall*, 303 Ga. App. 12, 14 (1) (692 SE2d 690) (2010) (footnote omitted), and "[i]t is a cardinal rule of contract construction that a court should, if possible, construe a contract so as not to render any of its provisions meaningless and in a manner that gives effect to all of the contractual terms." (Citation and punctuation omitted.) *Northwest Plaza, LLC (MI) v. Northeast Enterprises, Inc.*, 305 Ga. App. 182, 189 (1) (699 SE2d 410) (2010). "Words generally bear their usual and common signification; but technical words, words of art, or words used in a particular trade or business will be construed, generally, to be used in reference to this peculiar meaning." OCGA § 13-2-2 (2). Furthermore, courts must favor a construction that upholds the contract in whole and in every part, and look at the whole contract in construing any part. OCGA § 13-2-2 (4). Courts should not render any language in a contract as superfluous, and "any construction that renders portions of the contract language meaningless should be avoided." *Atlanta Dev., Inc. v. Emerald Capital Investments, LLC*, 258 Ga. App. 472, 478 (1) (574 SE2d 585) (2002), citing *Deep Six, Inc. v. Abernathy*, 246 Ga. App. 71, 74 (2) (538 SE2d 886) (2000).

4

Here, the employee agreement specifically identifies Argo as the "Employee," and it provides that "Employee shall be entitled to . . . [c]ommission *on sales by Employee* equal to 2% of the Company's gross sales throughout the [t]erm." (Emphasis supplied). The statement "on sales by Employee" clearly indicates that any commission would be premised on sales made by Argo. Accordingly, the plain language of the contract required Argo to make sales in order to obtain a commission.[1] The second half of the clause, which states that such commission would be "equal to 2% of the Company's gross sales[,]" merely indicates the amount of the commission Argo would have received had he made sales and became eligible for commission. As the commission clause is not ambiguous, the trial court must enforce the agreement according to the terms. See OCGA § 13-2-3; *Atlanta Dev., Inc.*, supra at 477 (1). Therefore, we find that the trial court was correct in interpreting the clause to mean that Argo would only be entitled to commission if he made sales during his employment. As Argo made no such sales during the operative time period of the

---

[1] In the context of an employment contract, the ordinary meaning of the term "commission" is premised upon the employee selling something. See Black's Law Dictionary (10th ed. 2014) (defining "commission" as "[a] fee paid to an agent or employee for a particular transaction, [usually] as a percentage of the money received from the transaction"). "[I]n construing contracts, dictionaries may be used to determine the meaning of a word or phrase." (Footnote omitted.) *Garrett v. Women's Health Care of Gwinnett, P.C.*, 243 Ga. App. 53, 57 (3) (532 SE2d 164) (2000).

5

Employment Agreement, the trial court correctly concluded that Argo was not entitled to any commission and that G-Tec was entitled to summary judgment on this issue.

2. Argo next contends that the trial court misapplied rules of contract construction in determining that the employment agreement was terminable at will and that Argo was not entitled to compensation after his termination. We disagree.

Section 2 of the employment agreement states that

> [t]he initial term of the Company's employment of Employee hereunder shall commence as of the date of this Employee Agreement and shall terminate six (6) months thereafter (the "Initial Term"). . . . Notwithstanding the foregoing, Company shall have the right to terminate this Agreement *at any time during the Term* for any or *no reason*.

(Emphasis supplied.)

This is plain and unambiguous language which is susceptible to only one natural meaning. Interpreting the agreement as a whole, it is clear that Argo and G-Tec entered into an employment agreement with an initial six-month term which was terminable at will. And while a party may sue under a terminable-at-will employment agreement to recover compensation for services he rendered prior to the termination of his employment, "an employee cannot sue to enforce future

performance of a terminable-at-will employment agreement." *E.D. Lacey Mills, Inc. v. Keith*, 183 Ga. App. 357, 359 (2) (359 S.E.2d 148) (1987). Accord *Stover v. Candle Corp. of America*, 238 Ga. App. 657, 659 (2) (520 SE2d 7) (1999) (finding that a promise to pay future compensation under a terminable-at-will contract was not enforceable).

As the trial court correctly concluded that the Employment Agreement was terminable at will and that Argo is not entitled to any future compensation from G-Tec, the grant of summary judgment to G-Tec on this issue was proper.

*Judgment affirmed. Doyle, C. J., and Andrews, P. J., concur.*