W. LOUIS SANDS, SR. JUDGE
Before the Court is a Motion for Summary Judgment filed by Plaintiff Auto-Owners Insurance Company ("Auto-Owners"). (Doc. 14.) For the following reasons, Auto-Owners' Motion for Summary Judgment (Doc. 14) is GRANTED .
I. PROCEDURAL HISTORY
Plaintiff Auto-Owners filed a Complaint on February 15, 2018 seeking a declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 USC § 2201. (Doc. 1.) The Complaint is brought against: Eric R. Bailey and Lauren T. Bailey, individually and d/b/a The Market Place Boutique (collectively, the "Market Place Defendants"); Susan Wiley, individually and d/b/a Place On The Pointe, Place On The Pointe, Inc. (collectively, the "Place On The Pointe Defendants"); and Mary Hood Stewart and Allen Stewart, III (collectively, the "Stewart Defendants"). Id. ¶ 1. In its Complaint, Plaintiff seeks "a declaration from this Court that no indemnification or duty to defend is owed to The Market Place Defendants for any liability or damages that may be incurred by The Market Place Defendants in [an] underlying lawsuit because they did not provide timely notice of the claim or suit under the terms and conditions of the policy." Id. ¶ 38. Plaintiff also seeks "a declaration from this Court that no indemnification or duty to defend is owed to the Market Place Defendants for any liability or damages to the extent that any of the Market Place Defendants do not qualify as 'insureds' under the policy." Id. ¶ 44.
On July 25, 2018, Plaintiff filed a Motion for Summary Judgment. (Doc. 14.) The Stewart Defendants timely responded thereto, and after receiving an extension, Plaintiff timely replied. (Docs. 17 & 23.) Accordingly, Plaintiff's Motion for Summary Judgment (Doc. 14) is ripe for review. See M.D. Ga. L.R. 7.3.1(A).
II. SUMMARY JUDGMENT STANDARD
A. Federal Rule of Civil Procedure 56
"Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Chow v. Chak Yam Chau , 555 F. App'x 842, 846 (11th Cir. 2014) (citing *1218 Maddox v. Stephens , 727 F.3d 1109, 1118 (11th Cir. 2013) ). " 'A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor.' " Grimes v. Miami Dade Cnty. , 552 F. App'x 902, 904 (11th Cir. 2014) (quoting Chapman v. AI Transp. , 229 F.3d 1012, 1023 (11th Cir. 2000) ). "An issue of fact is 'material' if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." Allen v. Tyson Foods, Inc. , 121 F.3d 642, 646 (11th Cir. 1997) (citing Anderson v. Liberty Lobby, Inc. , 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) ). "It is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the non-moving party." Tipton v. Bergrohr GMBH-Siegen , 965 F.2d 994, 998 (11th Cir. 1992) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp. , 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) ).
The movant bears the initial burden of showing, by citing to the record, that there is no genuine issue of material fact. See Celotex Corp. v. Catrett , 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) ; Barreto v. Davie Market Place, LLC , 331 F. App'x 672, 673 (11th Cir. 2009). The movant can meet that burden by presenting evidence showing there is no dispute of material fact, or by demonstrating that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. See Celotex , 477 U.S. at 322-24, 106 S.Ct. 2548. Once the movant has met its burden, the nonmoving party is required "to go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." Id. at 324, 106 S.Ct. 2548. To avoid summary judgment, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts.' " Matsushita , 475 U.S. at 586, 106 S.Ct. 1348 (citations omitted). Instead, the non-movant must point to record evidence that would be admissible at trial. See Jones v. UPS Ground Freight , 683 F.3d 1283, 1294 (11th Cir. 2012) (quoting Macuba v. Deboer , 193 F.3d 1316, 1322 (11th Cir. 1999) ) (noting that hearsay may be considered on a motion for summary judgment only if it "could be reduced to admissible evidence at trial or reduced to admissible form."). Such evidence may include affidavits or declarations that are based on personal knowledge of the affiant or declarant. See Fed. R. Civ. P. 56(c)(4).
On a motion for summary judgment, the Court must view all evidence and factual inferences drawn therefrom in the light most favorable to the nonmoving party and determine whether that evidence could reasonably sustain a jury verdict. See Matsushita , 475 U.S. at 587-88, 106 S.Ct. 1348 ; Allen , 121 F.3d at 646. However, the Court must grant summary judgment if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).
1. Local Rule 56
Local Rule 56 requires the following:
The respondent to a motion for summary judgment shall attach to the response a separate and concise statement of material facts, numbered separately, to which the respondent contends there exists a genuine issue to be tried. Response shall be made to each of the movant's numbered material facts. All material facts contained in the moving party's statement which are not specifically controverted by the respondent in respondent's statement shall be deemed to have been admitted, unless otherwise inappropriate.
*1219 M.D. Ga. L.R. 56. Here, Plaintiff properly filed a summary judgment motion with a statement of undisputed material facts, as required by the Federal Rules of Civil Procedure and the Local Rules of this Court. (Docs. 14 & 14-2.) The Stewart Defendants then filed a response to Defendants' statement of material facts. (Doc. 18.) Having established the applicable standards, the Court will proceed to the facts.
III. RELEVANT FACTUAL BACKGROUND
The following facts are derived from the Complaint (Doc. 1); the Stewart Defendants' Answer (Doc. 5); Plaintiff's Statements of Undisputed Material Facts (Doc. 14-2); the Stewart Defendants' Response to Plaintiff's Statement of Undisputed Material Facts (Doc. 18); and the record in this case. Where relevant, the factual summary also contains undisputed and disputed facts derived from the pleadings, the discovery and disclosure materials on file, and any affidavits, all of which are construed in a light most favorable to the Stewart Defendants as the nonmoving party. See Fed. R. Civ. P. 56 ; Matsushita , 475 U.S. at 587-88, 106 S.Ct. 1348.
This insurance case arises from a lawsuit filed on May 8, 2017 by Defendants Mary Hood Stewart and Allen Stewart, III in the State Court of Dougherty County, Georgia, styled Mary Hood Stewart and Allen Stewart, III. v. Susan Wiley, individually and d/b/a Place On The Pointe, Place On The Pointe, Inc., Eric R. Bailey and Lauren T. Bailey, individually and d/b/a The Market Place Boutique , civil action file number 17SCV104 (the "underlying suit"). (Doc. 18 ¶ 1.) In the underlying suit, the Stewart Defendants seek damages and other relief against The Market Place Defendants, as well as Defendant Wiley and Defendant Place On The Pointe, Inc., related to alleged bodily injury and other alleged injuries and damages suffered as a result of an alleged slip and fall incident on or near the Market Place Defendants' premises on or about January 11, 2016. (Id. ¶ 2; Doc. 13-1.) The Market Place Defendants apparently contend that they are not at fault for the slip and fall and are not sure whether it occurred on their property. (Doc. 17 at 5; Doc. 13-11 at 6.) In the underlying suit, Plaintiff is providing a defense under a "complete reservation of rights," reserving the rights to either "withdraw its defense and/or disclaim coverage and indemnification for all or part of any judgment that may be obtained against the Market Place Defendants." (Doc. 18 ¶¶ 6-7.)
Although the Market Place Defendants were served with a copy of the summons and complaint in the underlying suit on May 16, 2017, they did not timely file an answer on or before June 15, 2017 to prevent the case from automatically going into default. (Doc. 18 ¶¶ 9-11; Doc. 17-8 at 1-2.) They did, however, file an answer on June 21, 2017, which the State Court of Dougherty County treated as sufficient to open default as a matter of right. (Doc. 17-8 at 1-4.) The Market Place Defendants also did not timely serve responses to the Stewart Defendants' requests for admissions, but were thereafter granted permission to serve responses, and those responses have been deemed timely. (Doc. 17-8 at 6-7.)
It appears that the Market Place Defendants notified Plaintiff of the underlying lawsuit for the first time on October 30, 2017, almost six months after the Stewart Defendants filed the underlying suit. (Doc. 18 ¶ 22.) Thereafter, counsel retained by Auto-Owners moved to open default and to withdraw the Market Place Defendants' Admissions. (Id. ¶ 23; Doc. 13-8.)
*1220 In the instant lawsuit, the Market Place Defendants' Answers to the Complaint were due in May 2018, but to date, they have filed no Answer. (Doc. 18 ¶ 28.) Plaintiff issued policy number 49-176-398-00 to named insured The Market Place with effective dates from June 1, 2015 through June 1, 2016 (the "policy"). Id. ¶ 29. The policy expressly contained the following conditions precedent to coverage:
2. Duties in the Event of Occurrence, Claim Or Suit
a. You must see to it that we are notified promptly of an "occurrence" that may result in a claim. Notice should include:
(1) How, when and where the "occurrence" took place; and
(2) The names and addresses of any injured persons and witnesses.
b. If a claim is made or "suit" is brought against any insured, you must see to it that we receive prompt written notice of the claim or "suit".
c. You and any other involved insured must:
(1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";
(2) Authorize us to obtain records and other information;
(3) Cooperate with us in the investigation, settlement or defense of the claim or "suit"; and
(4) Assist us, upon our request, in the enforcement of any right against any person or organization that may be liable to the insured because of injury or damage to which this insurance may also apply.
d. No insureds will, except at their own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.
(Id. ¶ 30; Doc. 1-2.)
Plaintiff now seeks declaratory relief that it has no duty to defend or indemnify in the underlying suit because the Market Place Defendants did not provide timely notice of the occurrence or suit in accordance with the policy and because they do not qualify as "insureds" under the policy. (Doc. 14.)[1] Plaintiff also asks the Court to find that the Market Place Defendants are in default for failing to respond to the Complaint and that they have admitted the factual allegations in the Complaint. (Id. at 7.) Notably, after the Motion for Summary Judgment was filed, the Stewart Defendants voluntarily dismissed the underlying suit and filed an identical suit, promptly serving Plaintiff. (Docs. 17-5, 17-6, and 17-7.)
IV. DISCUSSION
A. Default of the Market Place Defendants
Plaintiff asks the Court to find "that The Market Place Defendants are in default, and are therefore deemed to have admitted the factual allegations contained in Plaintiff's Complaint for purposes of the Declaratory Judgment action." (Doc. 14-1 at 7.)[2] An entry of default is appropriate *1221 where a party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed.R.Civ.P. 55(a). Moreover, a "district court has the authority to enter default judgment for failure to prosecute with reasonable diligence or to comply with its orders or rules of procedure." Wahl v. McIver , 773 F.2d 1169, 1174 (11th Cir. 1985). Here, the record establishes that The Market Place Defendants are in default for failing to appear or defend in this case, and, therefore, the allegations in the Complaint will be deemed admitted against The Market Place Defendants. See Evanston Ins. Co. v. Contract Mgmt. Servs. , No. 13-20131-Civ, 2013 WL 12094846, at *1-2, 2013 U.S. Dist. LEXIS 192326, at *3-4 (S.D. Fla. Apr. 30, 2013) ; Riberglass, Inc. v. Techni-Glass Indus., Inc. , 811 F.2d 565, 566-67 (11th Cir. 1987).
However, in cases involving multiple defendants, some of whom are not in default, courts should "withhold granting a default judgment until the trial of the action on the merits against the remaining defendants." Northland Ins. Co. v. Cailu Title Corp. , 204 F.R.D. 327, 330 (W.D.Mich. 2000) (in a declaratory judgment action to determine coverage and indemnification, the court found that entry of declaratory default judgment was improper where three defendants defaulted but "two additional, proper parties ... indicated their intention of defending themselves ...") (citation omitted); Essex Ins. Co. v. Moore , No. 6:11-CV-515-ORL-19, 2011 U.S. Dist. LEXIS 82792, 2011 WL 3235685, *1 (M.D. Fla. July 28, 2011) (same). Courts in this Circuit have done so to avoid inconsistent judgments. See , e.g. , Gulf Coast Fans v. Midwest Electronics Importers, Inc. , 740 F.2d 1499, 1512 (11th Cir.1984) (finding sound the policy and prohibition against inconsistent judgments which requires that default judgment should not be entered "when defendants are similarly situated, but not jointly liable") (citation omitted); Northfield Ins. Co. v. Browning Timber & Saw Mill, LLC , No. 4:17-cv-01236-ACA, 2018 WL 3135970, at *2, 2018 U.S. Dist. LEXIS 107119, at *5 (N.D. Ala. June 27, 2018) (finding entry of default judgment against defaulting defendant "not appropriate" because if non-defaulting defendants prevailed, the resulting judgments would be inconsistent). The Court agrees with the reasoning of these cases, and therefore declines to enter default judgment at this time because the Stewart Defendants are not in default and are defending in this action. Furthermore, the Eleventh Circuit has held that a non-defaulting party is not bound by the deemed admissions of other parties, and that summary judgment on that basis is improper. Riberglass, Inc. , 811 F.2d at 567. So, the Court will proceed to the substance of the summary judgment motion.
B. Choice of Law
Where, as here, the jurisdiction of the Court rests on the diversity of the parties, the Court must apply the choice of law principles of the forum state to determine the appropriate substantive law to apply. See Erie R.R. Co. v. Tompkins , 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Under Georgia's choice of law rules, insurance contracts are governed by the law of the state where the contract was made. See Lima Delta Co. v. Global RI-022 Aerospace, Inc. , 338 Ga.App. 40, 789 S.E.2d 230, 235 (2016) ("An insurance contract is constructively made at the place where the contract is delivered.") (internal quotation marks omitted); Provau v. State Farm Mut. Auto. Ins. Co. , 772 F.2d 817, 819 (11th Cir. 1985) (holding that insurance contracts are governed by substantive *1222 state law). Thus, Georgia law applies to the policy here.[3]
C. Prompt Notice of the Occurrence and Suit
1. Notice of the Occurrence
"Under Georgia law, an insurer seeking to invoke a policy exclusion carries the burden of proving its applicability in a given case." State Farm Fire & Cas. Co. v. Moss , 338 Ga. App. 684, 687, 790 S.E.2d 831, 834 (2016) ; Connell v. Guarantee Trust Life Ins. Co. , 246 Ga. App. 467, 470, 541 S.E.2d 403 (2000) ("In Georgia, the insurer bears the burden of showing that a fact situation falls within an exclusionary clause of an insurance policy."). However, "[t]he one claiming a benefit has the burden of proving that a claim falls within the coverage of the policy." Ga. Farm Bureau Mut. Ins. Co. v. Hall Cty. , 262 Ga. App. 810, 812, 586 S.E.2d 715, 717 (2003).[4]
While the issue of whether notice is timely is usually a question of fact for a jury to resolve, "an unexcused significant delay may be unreasonable as a matter of law." Canadyne-Georgia Corp. v. Continental Ins. Co. , 999 F.2d 1547, 1555 (11th Cir. 1993) (citation omitted). "Absent some justification, failure to provide timely notice of an occurrence can defeat coverage under such a policy." Kay-Lex Co. v. Essex Ins. Co. , 286 Ga.App. 484, 649 S.E.2d 602, 606 (2007) ; Federated Mut. Ins. Co. v. Ownbey Enterprises , 278 Ga. App. 1, 3, (627 S.E.2d 917) (2006) ("Where an insured has not demonstrated justification for failure to give notice according to the terms of the policy, ... then the insurer is not obligated to provide either a defense or coverage.").
Here, the Market Place Defendants delayed more than eighteen months from the occurrence of the alleged slip and fall before notifying Plaintiff of the occurrence and suit. (See Doc. 18 ¶¶ 2, 25.) The Stewarts first argue that the Market Place Defendants were justified in failing to provide notice of the occurrence because they were unaware of it. (Doc. 17 at 2-5.) The Stewart Defendants cite the Market Place Defendants' sworn deposition testimony, pleadings, and affidavits in the underlying suit that show that the Market Place Defendants were not aware of the alleged slip and fall until they were served with the underlying lawsuit on May 16, 2017. Id. Plaintiff offers no evidence or legal argument to show otherwise. In cases where a delay was found unreasonable as a matter of law, the insureds offered no reasonable justification for their delay. See , e.g. , Ill. Union Ins. Co. v. Sierra Contracting Corp. , 744 F. Supp.2d 1349, 1352 (N.D. Ga. 2010) (finding a delay unreasonable as a matter of law because the insured did "not offer any justification for this nine-month delay") (emphasis added);
*1223 Richmond , 140 Ga. App. at 220-22, 231 S.E.2d at 249-50 (concluding that an eight-month delay was unreasonable as a matter of law because the insured knew of the occurrence and delayed simply because the insured concluded that he was without fault). "An insured's duty to provide notice to the insurer is triggered when the insured actually knew or should have known of the possibility that it might be held liable for the offense in question." Allstate Ins. Co. v. Airport Mini Mall, Ltd. Liab. Co. , 265 F.Supp.3d 1356, 1379 (N.D. Ga. 2017) (citing Forshee v. Emplrs Mut. Cas. Co. , 309 Ga. App. 621, 625, 711 S.E.2d 28, 32 (2011) ). Taking the Market Place Defendants' sworn assertions as true, it is justifiable that they would not provide notification of an event of which they were unaware. JNJ Found. Specialists, Inc. v. D.R. Horton, Inc. , 311 Ga. App. 269, 717 S.E.2d 219, 225-26 (Ga. Ct. App. 2011) (holding that delay was not unreasonable as a matter of law where insured was unaware of incident giving rise to lawsuit). Thus, the Court cannot find as a matter of law that the Market Place Defendants' delay in providing notice from the date of the occurrence to the filing of the underlying suit was unreasonable because the Stewarts have asserted a reasonable justification for such delay.
However, Plaintiff also argues that The Market Place Defendants are in breach of their duty to provide prompt notification of the occurrence because they delayed in providing notice even after they were aware of the lawsuit. (Doc. 14-1 at 2-4; Doc. 23 at 4.) Here, The Market Place Defendants gave Plaintiff notice of both the lawsuit and the occurrence on October 30, 2017, approximately five- and one-half months after The Market Place Defendants were served with the lawsuit. Thus, the Court must determine whether this five-month delay was untimely and, if so, whether the delay was justified.
The policy here explicitly required the Market Place Defendants to "see to it that [Plaintiff] is notified promptly of an 'occurrence' that may result in a claim." (Doc. 18 at 11 ¶ 30.) Here, the occurrence did indeed lead to a claim in May 2017, and therefore, the Market Place Defendants were obligated to notify Plaintiff promptly to receive coverage.[5] S.C. Ins. Co. v. Coody , 957 F. Supp. 234, 237 (M.D. Ga. 1997). Georgia precedent shows that "prompt" has the same meaning as terms like "as soon as practicable" and "immediate." Advocate Networks, LLC v. Hartford Fire Ins. Co. , 296 Ga. App. 338, 674 S.E.2d 617, 620 (Ga. Ct. App. 2009) ; Burkett v. Liberty Mut. Fire Ins. Co. , 278 Ga. App. 681, 629 S.E.2d 558, 560 (Ga. Ct. App. 2006) ; Roberson v. Weaver , 145 Ga. 626, 89 S.E. 769, 773 (Ga. 1916) ; State Farm Fire & Cas. Co. v. LeBlanc , 494 F. App'x 17, 22 (11th Cir. 2012) ("We further note that 'prompt,' when used as an adjective, denotes 'responding instantly,' or 'immediately.' ") (citation omitted). For this reason, Georgia courts have held that a delay of as little as three months between the filing of a lawsuit and notice to the insurer is unreasonable as a matter of law. See Diggs v. S. Ins. Co. , 172 Ga. App. 37, 321 S.E.2d 792, 793 (Ga. Ct. App. 1984) ; State Farm Fire & Cas. Co. , 494 F. App'x at 23 (four months unreasonable as a matter of law where defendant offered no justifiable excuse for the delay). Thus, the Court finds that the Market Place Defendants' five-month delay in providing notice was not prompt, and this case survives summary judgment only if there is a justifiable excuse for this delay.
*1224 "In evaluating the reasonableness of an insured's excuse, Georgia courts apply an objective standard, viewed from the vantage point of the ordinary policyholder." Am. Ins. Co. v. Evercare Co. , 699 F.Supp.2d 1361, 1366-67 (N.D. Ga. 2010) (citing Guar. Nat'l Ins. Co. v. Brock , 222 Ga. App. 294, 295, 474 S.E.2d 46, 48 (1996) ). "[I]f an ordinarily prudent person acting reasonably would not conclude that an incident would give rise to a possible claim, a court can determine as a matter of law that the insured was justified in not notifying the insurer of the incident." State Farm Fire & Cas. Co. v. Walnut Ave. Partners, L.L.C , 296 Ga. App. 648, 651, 675 S.E.2d 534, 538 (2009).
Although the Stewart Defendants argue that the reasonableness of a delay is a question for the jury, they have asserted no justification for the Market Place Defendants' delay. The only excuse identifiable from the record is that the Market Place Defendants did not believe they were liable or did not understand their obligations. (See Doc. 13-3 ¶ 14) ("The sole proximate cause of the alleged incident was the plaintiff's own negligence...."); (Doc. 13-6 ¶ 3) ("When I received the plaintiff's requests for admissions along with the summons and complaint, I did not understand that I needed to file a separate answer to said requests."); (Doc. 20 at 2:23-24) ("I can't definitively say whose property that's located on."). But it is well-established that an insured "cannot avoid the requirement of prompt notice by claiming that it believed it was not liable." Am. Ins. Co. , 699 F.Supp.2d at 1366 (internal quotation marks and citation omitted). "The law requires more than just ignorance, or even misplaced confidence, to avoid the terms of a valid contract." Allstate Ins. Co. v. Walker , 254 Ga. App. 315, 316, 562 S.E.2d 267, 268 (2002). As such, numerous courts have concluded that such excuses are unreasonable as a matter of law. See , e.g. , Ill. Union Ins. Co. v. NRI Constr. , 846 F. Supp. 2d 1366, 1372 (N.D. Ga. 2012) ("A valid excuse for failure to provide notice does not include the insured's conclusion that it was free of fault and that there was no liability to the other party. That is the very issue which the company must have reasonable opportunity to investigate with promptness, and which requires a prompt notice of the occurrence."); Am. Ins. Co. , 699 F.Supp.2d at 1366-67 (finding insured's explanation that it was unaware the claims fell within the coverage period unreasonable as a matter of law where it was undisputed that insured was notified of circumstances of claim and should have known such claims may fall under the policy); Brit UW Ltd. , 6 F. Supp. 3d at1321, 1329-30 (N.D. Ga. 2014) (finding that insured's failure to notify its insurer of accident until the underlying complaint was filed barred coverage under the insurance policy because policy language requiring notice of any occurrence that "may result in a claim" precluded an insured from withholding notice based on its own assessment of the liability issues); Richmond , 140 Ga. App. at 220-22, 231 S.E.2d at 249-50 (concluding that an eight-month delay was unreasonable as a matter of law because the insured knew of the occurrence and delayed simply because the insured concluded that he was without fault). To the extent there are other excuses for the delay, none have been asserted by any Defendant in this case, and therefore, there is no factual issue remaining as to whether the Market Place Defendants had a justifiable excuse for delaying five months before informing Plaintiff of the occurrence and underlying suit.
The Stewarts argue that longer delays have not been found unreasonable, but *1225 "those cases offered viable excuses under Georgia law for their delay in providing notice." State Farm Fire & Cas. Co. , 494 F. App'x at 23; see JNJ Found. Specialists, Inc. , 311 Ga. App. at 275, 717 S.E.2d at 226 (finding reasonableness of delay a question of fact where Plaintiff was not aware of its involvement in incident until the suit was filed, and then was unable to file a proper third-party complaint against insurer for three months due to a misnaming error). But, no viable excuse has been asserted here. Indeed, in JNJ and most other cases where a delay has not been deemed unreasonable, the insured acted in an objectively reasonable manner upon learning of the lawsuit. Here, however, the Market Place Defendants have done very little in the underlying suit or the instant suit to indicate objectively that they should receive insurance coverage. They did not timely answer the complaint or respond to discovery requests in the underlying suit, and they have failed to even appear in this case and respond to any allegations asserted against them. H.Y. Akers & Sons, Inc. v. St. Louis Fire & Marine Ins. Co. , 120 Ga. App. 800, 804, 172 S.E.2d 355, 359 (1969) ("[H]e who seeks to enforce a claim against the insurer under the policy has the burden of refuting the affirmative defense, once prima facie made, by evidence of justification or excuse."); Fireman's Fund Ins. Co. v. Univ. of Ga. Ath. Ass'n , 288 Ga. App. 355, 367, 654 S.E.2d 207, 217 (2007) (explaining that the burden shifts to the insured "to produce evidence creating a factual issue over whether the exclusion is applicable.").
The Stewarts also argue that any defects in notice were cured because they dismissed the original underlying suit and filed a new suit, and that Plaintiff has suffered no prejudice by the alleged late notice. (Doc. 17 at 9.) The Stewarts cite as support Granite State , in which the Georgia Supreme Court held that "the dismissal of the suit cured the breach: there was no longer any suit pending as to which [the insured] had failed to comply with the policy's provisions." Granite State Ins. Co. v. Nord Bitumi United States , 262 Ga. 502, 505, 422 S.E.2d 191, 194 (1992). But, that holding was specifically limited to the "tardy forwarding of suit papers" which was cured by filing a new suit and providing prompt notice of the new suit. Id. As Plaintiff argues, that case is distinguishable because there, the insurer had already received notice of the occurrence and even rejected a pre-suit settlement offer. Id. at 502, 422 S.E.2d 191, 194. The only issue[6] was as to the forty-six-day delay in sending the insurer notice of the first lawsuit, which the court found relieved the insurer of any obligations in that suit, but not as to the second renewal suit. Id. at 504-505, 422 S.E.2d 191, 194. This Court is aware of no case law, and the Stewart Defendants have provided none, that indicate that delayed notice of an occurrence can be cured by refiling a lawsuit and providing prompt notice of that suit. Such a conclusion runs contrary to the basic principles of contract law. Argo v. G-Tec Servs., LLC , 338 Ga. App. 608, 609, 791 S.E.2d 193, 195 (2016) ("The first rule that courts must apply when construing contracts is to look to the plain meaning of the words of the contract; ... [i]t is a cardinal rule of contract construction that a court should, if possible, construe a contract so as not to render any of its provisions meaningless and in a manner that gives effect to all of the contractual terms.") (citations omitted). In *1226 Granite State , the filing of the second suit did not eliminate the breach as to the first suit; that breach remained. Id. at 504, 422 S.E.2d 191, 194 ("Nord breached that provision of the policy when it failed to forward to Granite State the complaint in the first suit filed by the Authority, and that the breach relieved Granite State of its obligation to defend that suit and of its liability for any judgment resulting from that suit.") The only effect of the second lawsuit was that the insurer could no longer rely on the late notice of the first suit to deny coverage in the second, distinct suit in which notice was prompt. Here, however, the Market Place Defendants' failure to provide prompt notice of the occurrence breached the policy and has not been cured. That Plaintiff may have suffered little prejudice is of no import because an insurer is "not required to show it was prejudiced by [an insured's] failure to give notice." Se. Express Sys. v. S. Guar. Ins. Co. , 224 Ga. App. 697, 701, 482 S.E.2d 433, 436 (1997) ; JNJ Found. Specialists, Inc. , 311 Ga. App. at 275-76, 717 S.E.2d at 226 (same).[7] "Indeed, [an] insured's potential liability 'is the very issue which the [insurance] company must have reasonable opportunity to investigate with promptness, and which requires a prompt notice of the occurrence.' " Brit UW Ltd. , 6 F. Supp. 3d at 1329-30 (citation omitted) (emphasis added).
Georgia courts have examined numerous insurance contracts containing the exact notification language present in the policy here and have found that the purpose of such language:
is to enable the insurer to begin immediately an investigation of the facts and circumstances for determining whether liability might be present and whether a settlement of the claim should be attempted; to get the facts and circumstances for determining whether liability might be present and whether a settlement of the claim should be attempted; to get the facts while they [are] fresh and available in the minds of the parties and the witnesses as might be available; to obtain pictures, diagrams, etc. which might assist in showing how the occurrence happened and the extent of any physical damage done.
Bituminous Casualty Corp. v. J.B. Forrest & Sons, Inc. , 132 Ga. App. 714, 717, 209 S.E.2d 6 (1974). "The question of whether notice is timely enough to effectuate this purpose or meets the definition of 'as soon as practicable' or 'immediately' is generally a question of fact; however, when the undisputed facts would preclude recovery, the issue of notice becomes a question of law appropriate for disposition on summary judgment." Travelers Indem. Co. v. Douglasville Dev., LLC , No. 1:07-CV-0410-JOF, 2008 WL 4372004, at *3-4, 2008 U.S. Dist. LEXIS 71956, at *11-12 (N.D. Ga. Sep. 19, 2008). "Georgia courts have repeatedly held that *1227 where no valid excuse exists, failure to give written notice for periods in the range of four to eight months is unreasonable as a matter of law." Cotton States Mut. Ins. Co. v. Int'l Surplus Lines Ins. Co. , 652 F. Supp. 851, 856 (N.D. Ga. 1986). Although the Stewarts have argued otherwise, the record taken as a whole does not lead to a reasonable inference that the Market Place Defendants were justified in failing to give notice of the occurrence until five months after they were served in the underlying suit. Dukes v. Deaton , 852 F.3d 1035, 1042 (11th Cir. 2017) ("Although we must draw all inferences in favor of the non-movant at summary judgment, those inferences must be plausible.") (citing Mize v. Jefferson City Bd. of Educ. , 93 F.3d 739, 742-43 (11th Cir. 1996) ). As such, the Court finds that the Market Place Defendants failed to comply with the policy's condition precedent of providing prompt notice of the occurrence, and, therefore, Plaintiff is entitled to summary judgment and has no duty to defend or indemnify the Market Place Defendants with regard to the underlying lawsuit and occurrence complained of therein.[8]
CONCLUSION
For the foregoing reasons, Plaintiff's Motion for Summary Judgment (Doc. 14) is GRANTED . Any request for costs must be submitted in accordance with M.D.Ga.L.R. 54.2.
SO ORDERED , this 27th day of March 2019.

"When an insurer is presented with notice of a claim and demand for a defense, the 'proper and safe course of action ... is to enter upon a defense under a reservation of rights and then proceed to seek a declaratory judgment in its favor.' " Hoover v. Maxum Indem. Co. , 291 Ga. 402, 405, 730 S.E.2d 413 (2012) (quoting Richmond v. Georgia Farm Bureau Mut. Ins. Co. , 140 Ga. App. 215, 217 (1), (231 S.E.2d 245) (1976) ). That is what Plaintiff is doing here.

Plaintiff has not asked the Court to find the Place on the Pointe Defendants in default, so the Court does not address that issue herein.

Furthermore, Plaintiff and the Stewart Defendants cite and apply Georgia law in their briefs. (See Docs. 14 & 17.)

"In keeping with the desire of the law to avoid forfeitures of coverage, the general rule is that a notice provision in an insurance policy is only considered a condition precedent to coverage if 'it expressly states that a failure to provide such notice will result in a forfeiture of the insured's rights or uses language which otherwise clearly expresses the intention that the notice provision be treated as a condition precedent.' " Plantation Pipe Line Co. v. Stonewall Ins. Co. , 335 Ga. App. 302, 312, 780 S.E.2d 501, 511 (2015) (quoting Resource Life Ins. Co. v. Buckner , 304 Ga. App. 719, 726-727 (1), (698 S.E.2d 19) (2010) ). Because Plaintiff asserted that prompt notice was a condition precedent in the policy and the Stewart Defendants have not argued otherwise but have conceded that assertion, the Court will not address this issue herein. (See Docs. 17 & 18 ¶ 30.)

The Stewart Defendants do not dispute that prompt notice of the occurrence was a condition precedent to coverage. Id.

That court also addressed another issue about the insured's partial settlement payment which is not relevant here.

The Court notes that, as in other cases, late notice may prejudice an insurer if it disadvantages its ability "to mitigate damages through settlement or early repairs." Clena Invs., Inc. v. XL Specialty Ins. Co. , No. 10-cv-62028-SCOLA, 2012 WL 1004851, at *7, 2012 U.S. Dist. LEXIS 40503, at *16 (S.D. Fla. Mar. 26, 2012) (citation omitted). Numerous courts have indicated the importance of prompt notice. E.g. , Se. Express Sys. v. S. Guar. Ins. Co. , 224 Ga. App. 697, 701, 482 S.E.2d 433, 436 (1997) (" 'The purpose of notice is to enable the insurer to inform itself promptly concerning the accident, so that it may investigate the circumstances, prepare for a defense, if necessary, or be advised whether it is prudent to settle any claim arising therefrom.' ") (citation omitted); Ill. Union Ins. Co. , 846 F. Supp. 2d at 1372 ("[The insured] had a duty to report the accident so that [the insurer] could promptly investigate the facts surrounding the incident while they were still fresh and to prepare a defense of the action or determine the feasibility of settlement of the claim."). Such case law supports Plaintiff's argument that it has suffered some prejudice.

The Court finds this consistent with the first claim in the Complaint for a judgment declaring that "Auto-Owners has no duty to defend or indemnify The Market Place Defendants because they failed to provide timely notice of the claim or suit pursuant to the terms and conditions of the policy." (Doc. 1 ¶ 45(a).) The Court does not reach the second claim in the Complaint about whether the Market Place Defendants qualify as "insureds" because the policy names "The Market Place" as the insured. Id. at 9-11. The second claim was not raised in the summary judgment motion.